OF THE

# STATE OF MISSOURI

AT THE

## OCTOBER TERM, 1887.

*(Continued from Volume 92).*

---

SPURLOCK, · *Plaintiff in Error*, v. THE MISSOURI PACIFIC RAILWAY COMPANY.

**Practice :** PLEADING: AMENDED PETITIONS. The statute (R. S., sec. 3540), providing that where a pleading which has been twice amended is filed and adjudged insufficient in whole or in part, or the whole or some part thereof is stricken out on motion, the party filing it shall pay treble costs and no further pleading shall be filed, but judgment shall be rendered, cannot be taken advantage of unless the defective pleading has in each instance been adjudged insufficient upon demurrer or motion to strike out. R. S., secs. 3538, 3539. It is not sufficient that the pleading has been held bad upon objection to the introduction of evidence, upon the ground that it stated no cause of action.

*Appeal from Benton Circuit Court.* — HON. JAS. B. GANTT, Judge.

REVERSED AND REMANDED.

(13)

*A. W. Anthony, J. M. Lay* and *D. E. Wray* for plaintiff in error.

Admitting that the petitions were all insufficient, the court erred in refusing to allow the plaintiff to file his petition, because three petitions had not been adjudged bad on demurrer or motion to strike out. A practice has been introduced of demurring to the introduction of evidence when the petition is defective, which should not be allowed. That should not count in this case.

*Thos. J. Portis* and *Thos. G. Portis* for defendant in error.

(1) The plaintiff waived any and all objections to the action of the court sustaining defendant's objection to the admission of any testimony under his original petition, and sustaining defendant's demurrers to his second and third amended petitions. *Fuggle v. Hobbs*, 42 Mo. 538 ; *Pickering v. Telegraph Co.*, 47 Mo. 460 ; *Scoville v. Glasner*, 79 Mo. 554. (2) The defendant's demurrer to plaintiff's third amended petition was properly sustained. *Coal Co. v. Herman*, 86 Pa. St. 418 ; *Sherman v. Railroad*, 72 Mo. 62 ; *Railroad v. Wilt*, 4 Whar. 143 ; *Priest v. Railroad*, 65 N. Y. 589 ; *Hudson v. Railroad*, 16 Kan. 470 ; *Porter v. Railroad*, 41 Iowa, 358 ; *Pressley v. Railroad*, 15 Fed. Rep. 199 ; *Railroad v. Whitmore*, 19 Ohio St. 110 ; *Baker v. Kinsey*, 38 Cal. 631 ; *Railroad v. Anthony*, 43 Ind. 183 ; *Railroad v. Dohohue*, 70 Pa. St. 119 ; *Wilson v. Peevely*, 29 Am. Rep. 639 ; *Railroad v. McClain*, 91 Pa. 422; *Railroad v. Donohue*, 9 Am. & Eng. R. R. Cases, 187 ; *Manion v. Railroad*, 29 Alb. Law Jour. 255 ; *Garretzen v. Duenckel*, 50 Mo. 104 ; *Cousins v. Railroad*, 66 Mo. 567; *Snyder v. Railroad*, 60 Mo. 413 ; *Gilliam v. Railroad*, 15 Am. & Eng. R. R. Cases, 138 ; *Railroad v. Harri-*

*son*, 48 Miss. 112.    (3) Leave for plaintiff to file a fourth amended petition was properly refused.    R. S., sec. 3540;    *Beardslee v. Morgner*, 73 Mo. 22;    *Garner v. McCullough*, 48 Mo. 318.

RAY, J.—This was an action by a railway passenger, for personal injuries sustained, by being wrongfully and rudely seized and ejected from a passenger coach, while lawfully therein, by the servants and employes of defendant company.    At the trial of the cause, defendant objected to the introduction of any evidence, on the ground that the petition failed to state a cause of action. This objection was sustained by the court, and the plaintiff, with leave of court, filed an amended petition, to which the defendant interposed a demurrer for like reason.    This demurrer was sustained, and the plaintiff filed a second amended petition, to which defendant filed a like demurrer, which was also sustained; whereupon, the plaintiff offered to file a third amended petition, to which the defendant objected, on the ground that three petitions having been adjudged insufficient by the court, the plaintiff was not entitled to file any more, and that it was entitled to a judgment of dismissal, with costs of suit.    This objection was also sustained by the court, and judgment rendered accordingly, from which, after an unsuccessful motion for new trial, the plaintiff brings the case here by writ of error.

The propriety of this last ruling of the court is the only question before us, and that involves the proper construction of sections 3538, 3539, and 3540, of the Revised Statutes of 1879.    Section 3538 provides that, "when a petition, answer, or reply shall be adjudged insufficient, in whole or in part, upon *demurrer*, or the whole or some part thereof stricken out, on *motion*, the proper party may file a further like pleading, within such time as the court shall direct; and in default thereof, the court shall proceed with the cause in the

same manner as if no such original pleading had been filed." Section 3539 provides that, "if such second petition, answer, or reply, be filed, and in like manner be adjudged insufficient, or the whole or some part thereof in like manner be stricken out, the party filing such second pleading shall pay double costs, and file a like pleading *instanter*; or in default thereof, the court shall proceed with the cause in the same manner as if no second pleading had been filed." Section 3540 enacts that, "if a third petition, answer, or reply, be filed and adjudged insufficient, as above, or the whole or some part thereof be stricken out, the party filing such pleading shall pay treble costs; and no further petition, answer, or reply, shall be filed, but judgment shall be rendered."

It is insisted for plaintiff in error, that but two of his petitions have been adjudged insufficient in the mode and manner pointed out by statute; that the original petition was adjudged insufficient in a manner and by a mode, other than that contemplated by the statute, and that, for that reason, the trial court erred in refusing to allow him to file his third amended petition. It was neither done by demurrer nor by motion to strike out. The plaintiff insists that the statute in question is penal in its nature, and should be strictly construed, and that a party cannot avail himself of its benefits, unless three pleadings have been adjudged insufficient upon demurrer, or by motion to strike out, and that that has not been done in this case. While the practice of testing the sufficiency of pleadings, by objections to the introduction of any evidence at the trial, may be conceded to be too well established by numerous adjudications, to be now called into question, yet we are of opinion that it was not the mode of procedure, contemplated by the statute, now under review, and cannot be resorted to for that purpose. If a party wishes the benefit of this stat-

ute, he must comply strictly with its provisions, and that has not been done in this case.

The sufficiency of the rejected petition, not having been passed upon by the trial court, is not now before us, for review. This case is unlike the case of *Beardslee v. Morgner*, 73 Mo. 22. There, the original and five amended petitions had all been adjudged insufficient upon demurrer. The mode of procedure, or adjudication in that case was in strict conformity to the provisions of the statute, and manifestly correct. Here the mode of procedure, or adjudication, had been departed from, and one, not contemplated by the statute, adopted in its place.

We are of opinion, therefore, that the court erred in refusing to allow plaintiff to file his third amended petition, and for that reason, its judgment is reversed and the cause remanded for further proceedings, in conformity hereto, in which all concur, except Norton, C. J., who dissents.

NORTON, C. J., DISSENTING.—Believing that every statute should be construed so as to effectuate its intent, and believing it to be the true intent and meaning of the statutory provisions quoted in the opinion of the court, that a plaintiff who has had three opportunities to file a petition stating his cause of action, and who has attempted so to do by filing three petitions, each of which has been adjudged insufficient, should be sent out of court, and be no longer permitted to harass the defendant, I do not agree to the strict and rigid construction put upon the statute, nor to the conclusion reached as the result of such construction. The established maxim, that "he who sticks to the letter sticks to the bark," might well be applied here. The real question in all such cases, in my judgment, is, have three petitions been adjudged to be insufficient by the court, the

question of their sufficiency having been raised during the progress of the cause in any way which made it the duty of the court to pass its judgment on the question? According to the spirit and intent of the law, as I view it, it is the fact that three petitions have been by the court adjudged to be insufficient, which denies to a plaintiff the right to file a fourth petition, and not the fact that such adjudication was brought by this or that method, provided it was brought about by any method that made it the duty of the court to decide.