BARTON BROTHERS, Appellants, v. T. K. MARTIN *et al.*, Respondents.

Kansas City Court of Appeals, May 1, 1893.

1. **Record**: PLEADING: DEMURRER.   A demurrer is a plea to the action and is recognized and classed as a pleading in the code and is *held* to be a part of the record proper and will be considered on appeal without a bill of exceptions.

2. **Pleading**: THREE AMENDMENTS: VOLUNTARY.   A party has a right to amend his pleading until the court has *adjudged* three pleadings insufficient; and a voluntary amended pleading should not be counted as one of the three.

3. **Guarantor**: SECURITY: ENUREMENT.   When a guarantor takes security from the principal debtor, indemnifying him by reason of his being guarantor to the creditor, such security will enure to the benefit of the creditor.

*Appeal from the Bates Circuit Court*—HON. JAMES H. LAY, Judge.

REVERSED AND REMANDED.

*Karnes, Holmes & Krauthoff, R. T. Railey* and *Noah M. Givan,* for appellants.

(1) The petition of plaintiff, held to be insufficient upon the demurrer of defendant Glazebrook, was not the third petition adjudged insufficient by the court. Revised Statutes, secs. 2066, 2067, 2068; *Spurlock v. Railroad,* 93 Mo. 13, 530; *Corrigan v. Brady,* 38 Mo. App. 659.   (2) Sheriff Glazebrook was a necessary and proper party at the beginning of the suit, and the cause was properly revived against his administratrix, who

held the trust fund in question after his death. Revised Statutes, sec. 1993; *Smith v. Sims,* 77 Mo. 269. (3) The petition stated a good cause of action against the Gregory Grocer Company, and it was error to enter judgment in its favor even if defendant Glazebrook was not a necessary party. *Lank v. Young,* 35 Mo. 371; *Ancell v. Cape Girardeau,* 48 Mo. 80; *Alnutt v. Lepcr,* 48 Mo. 322; *Swan v. Thompson,* 73 Mo. App. 159. (4) The petition states a good cause of action. The property in the hands of J. K. Martin was trust property held for the payment of plaintiff's debt. The proceeds of its sale was a trust fund for the same purpose. The conveyance to plaintiff's guarantor was proper and enured to the benefit of plaintiffs. *Harrison v. Smith,* 83 Mo. 210; *Stoller v. Coats,* 88 Mo. 520; *Petring v. Chrisler,* 90 Mo. 649; *Kendall v. Baltis,* 26 Mo. App. 411; *Tolle v. Boeckler,* 12 Mo. App. 54, 63; *Haven v. Foley,* 18 Mo. 136; *Thornton v. Bank,* 71 Mo. 221, 232.

*Thos. J. Smith* and *P. H. Holcomb,* for respondents.

(1) "If a third petition, etc., be filed and adjudged insufficient as above" (that is in whole or in part, section 2066), judgment shall be rendered. Revised Statutes, 1889, sec. 2068; *Beardslee v. Morgner,* 73 Mo. 22.    (2) Appellants according to their last amended petition show that at the institution of this action they had an adequate legal remedy; and, therefore, the interposition of a court of equity cannot be properly invoked. Having full knowledge of the time and place where they could assert their claim in a court of law and having had every opportunity to do so, plaintiffs cannot invoke the powers of the chancellor. *Janny v. Spedden,* 38 Mo. 395; *Maguire v. Tyler,* 47 Mo. 115; *Odle v. Odle,* 73 Mo. 289; *Holland v. Johnson,* 80 Mo. 39. (3) The objection that appellants' petition

does not state a cause of action may be first raised in this court. *Smith v. Burrus*, 106 Mo. 94, and cases cited; *Bassett v. Glover*, 31 Mo. App. 161.

ELLISON, J.—This action is based on a petition to recover the proceeds arising from a sale of certain merchandise. The sale was made by the sheriff under an attachment in favor of the Gregory Grocery Company, the said sheriff and grocery company being made defendants. Each of them filed an answer to the petition. On June 27, 1890, plaintiff, under leave asked and obtained, filed an amended petition. Afterwards on February 18, 1891, defendants withdrew their answers and filed a demurrer to this petition. Afterwards, on June 8, 1891, this demurrer was sustained and leave given plaintiffs to file an amended petition. This amended petition was filed, July 28, 1891. Afterwards, on February 10, 1892, plaintiffs obtained leave to file another amended petition, which they filed on April 12, 1892. Afterwards, on June 6, 1892, one of defendants filed a demurrer to this second amended petition, which was by the court sustained on June 22, the court entering the following judgment in sustaining this demurrer: "Now at this day, the demurrer of Gellia C. Glazebrook to plaintiffs' second amended petition is now by the court sustained, and plaintiffs having no further right to plead, it is therefore ordered and adjudged by the court that defendants go hence without day and recover of plaintiffs their costs and that execution issue therefor."

Plaintiff then filed an affidavit and bond for appeal, which was granted, and leave given plaintiff to file a bill of exceptions in vacation. There is some dispute or question raised as to whether the bill of exceptions was filed in the time and manner entitling it to be here considered. We are relieved of the necessity of determ-

ining this, since we can dispose of the case without the bill, and this leaves for our consideration only the record proper. A demurrer is a part of the record proper. What should be included in the record proper or judgment roll, in addition to what we now call the petition, summons, answer, reply, verdict and judgment, has frequently been discussed by the courts. A demurrer being regarded as not strictly a plea, "but rather as an excuse for not pleading," is sometimes omitted from a statement of what is included in the record proper. But, says Gould on Pleading, 35, as it was one of the modes of contesting a right of action it was properly considered "in connection with pleas to the action." So it is recognized and classed as a pleading in our code of civil procedure and is so named in Revised Statutes, 1889, section 2041. It is therefore held to be a part of the record proper. McQuillin's Pleading & Practice, sec. 942; *State to use v. Finn*, 19 Mo. App. 560; *State to use v. White*, 61 Mo. 441; *Spears v. Bond*, 79 Mo. 467. There is left, therefore, for the scope of our consideration the petitions, demurrers, with the action of the court thereon, and the judgment.

It will be noticed that there were but two petitions *adjudged* by the court to be insufficient. Under the provisions of sections 2066, 2067 and 2068, in order to deny the plaintiff the right or privilege of filing an amended petition the court must have *adjudged* three of their petitions insufficient. There were four petitions— the original and three amended petitions; but two of the amendments were not made as the result of having been adjudged insufficient. One of them was voluntary and the other was perhaps made necessary by death of one of the parties defendant. The court having adjudged the insufficiency of only two petitions committed error in concluding on the last demurrer that

plaintiff had no right to another amendment and in rendering judgment for defendant on demurrer.

In *Spurlock v. Railroad*, 93 Mo. 13 and 530, a. question in many respects similar to this arose, and our determination here is in .keeping with what was said there. In that case the petitions were adjudged insufficient on objections to testimony at the trial. But, for the reason that they were not so adjudged on demurrer, as specified in the foregoing statute, the court held the statute not applicable. It will be noticed that one. member of the court dissents in that case, but he agrees that insufficiency of the petitions must be *"adjudged" by the court*. It seems clear, therefore, that the statute will not cover voluntary amendments to the pleadings referred to therein.

Since the cause is to be remanded it is proper to state that a consideration of the allegations of the petition satisfies us that it states a good cause of action against the Gregory Grocery Company. When the guarantor takes security from the principal debtor indemnifying him by reason of his being guarantor to the creditor, such security will enure to the benefit of the creditor. *Schell City Bank v. Reed, ante*, p. 94. A large number of authorities supporting this proposition will be found collected by counsel in their brief.

The judgment is reversed and the cause remanded with the concurrence of the other judges.