## JOE ANTONELLI, Respondent, v. ANTONIO BASILE, Appellant.

### Kansas City Court of Appeals, March 3, 1902.

1. **Money had and Received:** CONVERSION: SURPLUSAGE. In an action for money had and received, an averment that the defendant had converted the money is mere surplusage since the action can be maintained whether trover would lie or not.

2. **Malicious Attachment:** SUFFICIENCY OF PETITION: ALLEGATION FOR DAMAGES. A count in a petition is held to state a cause of action for malicious prosecution, and the fact that a different paragraph states a claim for punitive as well as compensatory damages does not add another count to the petition.

3. **Trial Practice:** THREE AMENDMENTS: STRIKING OUT PETITION. Where the plaintiff on his own motion files a first and second amended petition and in addition thereto corrects clerical

Antonelli v. Basile.

mistakes in his amendments, a motion to strike out his petition is properly overruled.

4. ———: MISJOINDER OF CAUSES OF ACTION: ANSWERING OVER. Where a defendant answers over and goes to trial he waives his objection to a misjoinder of causes of action.

5. ———: PLEADING: GENERAL DENIAL: DEMAND. Where the answer is a general denial the defendant can not object that there is no evidence of the demand alleged in the petition.

6. Justices' Courts: GARNISHMENT: RAILWAY CORPORATION: JURISDICTION. In a garnishment proceeding before a justice against a railway company, the return of the constable must show service on the nearest station or freight agent, otherwise there is no jurisdiction of the *res*.

7. Evidence: AGENCY: VERDICT: OBJECTION. Objections as to admitting and rejecting testimony are held not well taken, and the evidence is regarded sufficient to support an instruction touching the authority of an agent and also to support the verdict.

Appeal from Jackson Circuit Court.—*Hon. E. P. Gates,* Judge.

AFFIRMED.

*Woodson & Warrick* for appellant.

(1) The petition does not state facts sufficient to constitute a cause of action. Bank v. Milling & Land Company, 152 Mo. 157. (2) The petition must state ownership at time of conversion. 31 Minn. 119; 3 Barber 304. (3) The petition does not state that plaintiff was entitled to the immediate possession. 4 Howard Practice 117; 8 Oregon 35. (4) The value of the debt converted should be alleged, giving the specific amount. 31 Arkansas 286. (5) A demand must be made and proven. Boon on Code Pleading, 246, and authorities cited in note 17. (6) Nothing in the first or second counts show that they grew out of the same transaction, hence, they are misjoinder. Weber v. Squire, 51 Mo. App.

601; Gray v. Payne, 43 Mo. 203.    McCloon v. Beattin, 46
Mo. 391.    (7)    All necessary facts relied upon to be proven
must be pleaded.    Chitty v. Railroad, 148 Mo. 64; Field v.
Railroad, 76 Mo. 614; Halpin v. School District, 54 Mo. App.
371.    (8)    The third cause of action refers to the second
cause of action, and as the second cause is such an action as
would warrant a recovery under the third cause of action, it
was improper to make a separate cause of action.    Fry v.
Estes, 52 Mo. App. 1.    (9)    The plaintiff's third amended
petition should have been stricken from the files.    R. S. 1899,
sec. 623, and authorities cited thereunder in note 10, page 256.

*John Burgin* and *T. L. Carnes* for respondent.

Filed argument.

SMITH, P. J.—The petition contained two counts, in
the first of which was alleged a cause of action for money had
and received, and in the second for malicious attachment,
wherein both compensatory and punitive damages were de-
manded.

The allegations of the first were sufficient to constitute a
cause of action for money had and received.    Clark v. Bank,
57 Mo. App. loc. cit. 285.    The allegation therein that the
defendant had converted the money received, to his own use,
was an unnecessary and redundant allegation which was but
mere surplusage.    This is the result in any case when one re-
ceives money for another and refuses to pay it over to such
other after demand.    The action for money had and received
can be maintained irrespective of whether it is maintainable
as an action of trover and conversion.    Brinkman v. Bank,
116 Mo. 558.

The second count, as far as we have been able to discover,
alleges every fact required to constitute a cause of action for a
malicious attachment.    State v. Jungling, 116 Mo. 165;

Antonelli v. Basile.

Wamsganz v. Wolff, 86 Mo. App. loc. cit. 205, and cases there cited.

It is a mistake to suppose there are three counts in the petition.   The so-called *third* count is no more than an allegation of the second claiming punitive as well as compensatory damages, so that there are, in fact, but two counts in the petition.   Johnson v. Bedford, 90 Mo. App. 48.   The objection that the petition in neither count thereof states a cause of action was not well taken, and the motion in arrest of the judgment was, therefore, properly overruled.

The motion to strike out the petition was rightly overruled for the reason that it nowhere appears in the record that any preceding petition filed by the plaintiff had been adjudged insufficient in whole or in part.   It is disclosed by the record that the plaintiff filed a first and second amendment to his petition, and in addition thereto corrected a clerical mistake in his first amendment by striking out the word "defendant" and inserting in lieu thereof that of "plaintiff."   These amendments were all voluntary and did not count against the plaintiff's statutory right to amend his petition.   Barton v. Martin, 54 Mo. App. 134; Spurlock v. Railroad, 93 Mo. 530.

It becomes unnecessary for us to inquire whether or not several causes of action were improperly united in the petition, since it appears that without in any way raising any objection of that kind, the defendant answered over and went to trial, and so must be decided to have waived such objection even if good in the first instance.   R. S. 1899, secs. 598, 602; Nicholson v. Golden, 27 Mo. App. 132.

As to the objection that the evidence failed to prove the demand alleged in the first count, it is sufficient to say that the answer being but a general denial, the defendant could not, therefore, avail himself of any such objection.   R. S. 1899, sec. 1575; Westcott v. De Montreville, 30 Mo. 252.

Without going into an extended review of the proceedings had before the justice of the peace in the attachment and gar-

nishment cases referred to in the petition, it will perhaps suffice to say, in view of what was said in Dunn v. Railroad, 45 Mo. App. 34; Bank v. Doak, 75 Mo. App. 334, and the other cases cited in the brief of the plaintiff, that such proceedings were clearly void. The return of the constable fails to show that the summons of garnishment was delivered to "the nearest station or freight agent" of the garnishee railway corporation, as required by the statute (R. S. 1899, secs. 3437, 3438), and for that reason it was absolutely invalid and did not authorize a judgment against the garnishee. The judgment was *coram non judice* and, therefore, there was an utter absence of jurisdiction of the *res*.

No objection is suggested to the instructions other than that the evidence is not sufficient to justify the giving of that for plaintiff (number four) touching the agency of Edwards, the agent and attorney who represented the plaintiff in the institution and prosecution of the attachment and garnishment proceedings. We think there is abundance of evidence to justify the giving of that instruction.

An examination of the evidence presented by the record has convinced us that it is sufficient to quite justify the verdict.

Many objections were made during the progress of the trial to the action of the court in admitting and rejecting testimony, but these we think were not well taken. We can not discover that the defendant was in any way harmed by the action of the court in that regard.

The judgment will be affirmed. All concur.