State v. Earll.

---

## THE STATE v. C. W. EARLL, Appellant.

### Division Two, February 12, 1910.

1. **APPEAL: Demurrer: Preserved in Bill of Exceptions Only: Not Reviewable.** A demurrer to the information is recognized as a pleading and is therefore a part of the record proper and if it does not appear in the record proper but only in the bill of exceptions, no point raised by it is for review on appeal.

2. **———: ———: ———: ———: Constitutional Question.** And if the offense which the information charges is a misdemeanor and in order for the Supreme Court to have jurisdiction of the appeal a constitutional question must be involved, and if such point is raised only by the demurrer which is preserved only in the bill of exceptions and therefore cannot be considered, the Supreme Court does not have jurisdiction to hear and determine the appeal.

3. **INFORMATION: Demurrer After Plea.** A demurrer to an information charging a misdemeanor, filed after the entry of a plea of not guilty, cannot be considered. He waives his right to demur by his prior plea of not guilty, unless when he wishes to file his demurrer he first withdraw his plea.

Appeal from Jackson Criminal Court.—*Hon. Ralph S. Latshaw*, Judge.

TRANSFERRED TO KANSAS CITY COURT OF APPEALS.

*G. W. Duvall* for appellant.

*Elliott W. Major*, Attorney-General, and *James T. Blair*, Assistant Attorney-General, for the State.

BURGESS, J.—At the April term, 1909, of the criminal court of Jackson county, the prosecuting attorney of said county filed an information charging "that C. W. Earll, whose Christian name in full is unknown to said prosecuting attorney, late of the county aforesaid, on the 17th day of May, 1909, at the county of Jackson, State of Missouri, did then and there unlawfully and knowingly sell, and offer for sale, exchange and deliver, a certain quantity of vinegar, to-wit, one pint of vinegar artificially colored with caromel or other artificial coloring matter, contrary to the statutes in such cases made and provided," etc.

On the day of the filing of said information the defendant was arraigned, and entered his plea of not guilty. Thereafter the defendant filed a demurrer to the information, which demurrer the court overruled. Thereupon, the parties announced ready for trial, waived trial by jury, and submitted the case to the court upon the following agreed statement of facts, to-wit:

"That said defendant, C. W. Earll, on the 17th day of May, 1909, at the county of Jackson, State of Missouri, did then and there sell, and offer for sale, exchange and delivery, one pint of vinegar artificially colored with caromel; that said caromel coloring is harmless, and was used for coloring purposes only, and that said bottle containing said pint of vinegar

was labeled 'Colored Distilled Vinegar,' and that said vinegar was in fact 'colored distilled vinegar.' ''

The court, after hearing the arguments of counsel, found the defendant guilty, and assessed his punishment at a fine of one hundred dollars. Timely motions for new trial and in arrest of judgment were filed, and overruled, and judgment entered against defendant for one hundred dollars and costs. At the same term defendant appealed to this court.

The demurrer filed in this case does not appear in the record proper, where it should be, but the same is found in the bill of exceptions. The grounds of the demurrer are:

1. That the information charges no offense.

2. That the act under which the information is drawn conflicts with sections 4 and 30 of article 2 of the State Constitution.

3. That the act under which the information was drawn was repealed by the act of 1907 entitled, ''An act to prohibit the manufacture and sale of food, drugs, medicines, beverages and liquors, as defined in this act, and prescribing penalties for the violation thereof.''

Since the conviction was for a misdemeanor, in order to give this court jurisdiction of the appeal a constitutional question must be involved in the case, and the record must show that such question was properly raised in the court below. Such question is raised only by the second ground of the demurrer. As section 596, Revised Statutes 1899, recognizes a demurrer as a pleading, it is therefore a part of the record proper (Barton Bros. v. Martin, 54 Mo. App. 134, and cases cited), and the demurrer in this case not being preserved in the record proper, it is not reviewable. This being so, there is no constitutional question before us for determination, and consequently no jurisdiction in this court to hear and determine the appeal.

The record shows that the defendant was ar-

raigned and pleaded not guilty, and thereafter, without withdrawing his plea, he filed his demurrer. His right to demur was waived by his plea of not guilty, or, in other words, it was too late after the plea was entered. [1 Bishop's New Crim. Proc., secs. 730, 780; Wharton's Crim. P. & P., sec. 407b; 1 Chitty's Crim. Law, p. 440; Oakley v. State, 135 Ala. l. c. 22.] It is true that at common law a defendant, in a prosecution for felony, might at one and the same time enter his plea of not guilty and his demurrer to the indictment, and upon the demurrer being overruled, he would be triable on his pending plea of not guilty just as if the demurrer had not been filed; but this applies only to cases of felony, and the rule did not cover misdemeanors. [1 Chitty's Crim. Law, 435, 440; State v. Reeves, 97 Mo. 668; State v. McCoy, 111 Mo. 517.] For such additional reason, the defendant's demurrer cannot be considered, this being a case of misdemeanor.

The cause is ordered transferred to the Kansas City Court of Appeals for its decision. All concur.