THE STATE v. CLATO RILEY, Appellant.

Division Two, May 26, 1910.

1. MOTION FOR NEW TRIAL: When Filed. A motion for a new trial in a criminal cause, to be timely, must be filed before judgment and sentence, and within four days after the return of the verdict.

2. JUDGMENT: Motion for New Trial: Second Judgment. Where on the same day a verdict of guilty was returned a judgment of sentence in accordance therewith was pronounced and entered, and thereafter a motion for a new trial was filed and was overruled, a second judgment of sentence then pronounced must be considered a nullity.

3. **BILL OF EXCEPTIONS: Not Approved or Certified.** A so-called bill of exceptions which is not certified to by the clerk, nor signed by the judge, cannot be considered.

Appeal from Buchanan Criminal Court.—*Hon. Ben. J. Casteel*, Judge.

AFFIRMED.

*J. B. O'Connor* and *Sam Wilcox* for appellant.

*Elliott W. Major*, Attorney-General, and *John M. Dawson*, Assistant Attorney-General, for the State.

(1) The motion for new trial was filed on December 7, 1908, seven days after the rendition of the verdict and, also, seven days after judgment. The motion for new trial must be filed within four days after return of verdict, and before judgment; this is mandatory. R. S 1899, sec. 2689; State v. Brooks, 92 Mo. 542; State v. Dusenberry, 112 Mo. 277; State v. Hunt, 141 Mo. 626; State v. Maddox, 153 Mo. 471; State v. Pritchett, 219 Mo. 696. (2) The motion for new trial not being filed in time as required by the statute, there is nothing before the court for review but the record proper, and no error appearing in the record proper the judgment of the trial court should be affirmed. State v. Fawcett, 212 Mo. 729; Bingham v Birmingham, 103 Mo. 352; Railroad v. Brick Co., 85 Mo. 352; Ex parte Marmaduke, 91 Mo. 228; State v. Rosenblatt, 185 Mo. 119; Ex parte Craig, 130 Mo. 595.

FOX, J.—On the 30th day of November, 1908, the defendant was convicted in the criminal court of Buchanan county of the offense of setting up and keeping a certain table and gambling device, commonly called a roulette wheel, adapted, devised and designed for the purpose of playing a certain game of chance called roulette, for money, and inducing and enticing divers persons to play and bet at and upon said table and gambling device. His punishment was assessed by the jury at imprisonment in the county jail for one year.

The record in this case shows that the verdict of the jury was returned on the 30th day of November, 1908, and that on the same day judgment of sentence was pronounced thereon by the court as follows:    "It is therefore ordered and adjudged by the court that said Clato Riley be confined in the common jail of Buchanan county, Missouri, for the period of one year from the 30th day of November, 1908, for the crime of keeping a gambling device, or until he is otherwise discharged by due course of law."

On page 28 of the record transcript it is shown that on the 12th day of December, 1908, the court overruled defendant's motion for a new trial, filed on the 7th day of December, 1908, and again pronounced sentence of judgment in the same manner and in the same words as above quoted.

The court's action in sentencing the defendant a second time must be treated as a nullity, as the defendant had already been sentenced in open court.

Defendant's motion for new trial was, as stated, filed December 7, 1908, which was seven days after the return of the verdict and after judgment. A motion for new trial in a criminal case must be filed before judgment, and within four days after the return of the verdict. [Sec. 2689, R. S. 1899; State v. Pritchett, 219 Mo. 696; State v. Fraser, 220 Mo. 34; State v. Maddox, 153 Mo. 471; State v. Hunt, 141 Mo. 626.] Since the motion for new trial was not filed in time, there is nothing before us for review save the record proper. Furthermore, the defendant's so-called bill of exceptions is not certified to by the clerk, nor signed by the judge before whom the case was tried, and cannot be considered by this court.

The indictment legally charges the offense, and the record, which we have carefully examined, is without error. The judgment is affirmed. All concur.