THE STATE v. W. T. BRISCOE, Appellant.

Division Two, November 14, 1911.*

1. DEMURRER: Filed After Arraignment. A demurrer to the information in a misdemeanor case after a plea of not guilty has been entered, without withdrawing the plea, is filed too late and cannot be considered on appeal.

2. ———: ———: Constitutional Question. A demurrer to the information, which is not set out in the record proper, and which was not filed until after arraignment and a plea of not guilty, presents no constitutional question to the Supreme Court for determination.

3. MOTIONS: Filed After Judgment: Overruled and Second Judgment. Neither a motion *non obstante veredicto,* a motion for a new trial, nor a motion in arrest, filed after judgment and sentence, no application being made to the court to set aside the judgment and no request being made to defer judgment until the motions could be filed, presents any question that can be considered on appeal. Nor does the fact that, after these motions were filed and overruled, judgment was again entered, change the situation. The first judgment being a valid one, and not having been vacated or set aside, the second judgment was a nullity.

Appeal from St. Louis Court of Criminal Correction. —*Hon. Benj. J. Klene,* Judge.

TRANSFERRED TO ST. LOUIS COURT OF APPEALS.

*Louis A. Steber* for appellant.

*Elliott W. Major,* Attorney-General, and *James T. Blair,* Assistant Attorney-General, for the State.

KENNISH, P. J.—On May 20th, 1910, an information was filed in the St. Louis Court of Criminal

*NOTE.—Decided March 14, 1911. Motion for rehearing filed, and sustained. Opinion after rehearing, adhering to original opinion, filed November 14, 1911.

Correction, charging the appellant with conducting a barber college without a license.

On May 24th appellant was arraigned and entered a plea of not guilty. On June 6th he filed a motion to quash the information and also a demurrer to the information. On June 11th he withdrew the motion to quash and filed an amended demurrer to the information. Neither the demurrer nor amended demurrer is set out in the record. The amended demurrer having been overruled, the appellant was tried, convicted and his punishment assessed at a fine of ten dollars. Afterwards, while the defendant was present in open court, judgment was entered and sentence formally pronounced against him. Thereafter a motion *non obstante veredicto*, a motion for new trial and a motion in arrest of judgment, were in turn filed and overruled. After the filing and overruling of these motions, judgment was again entered and sentence again pronounced, but the first judgment was not set aside. It does not appear that any application was made to the court to set aside the first judgment, or that any request was made to defer judgment until the motions could be filed. Thereafter, upon the assumption that the case involved the constitutionality of the statute under which appellant was convicted, an appeal to this court was asked and allowed.

The Attorney-General has filed a motion to transfer the cause to the St. Louis Court of Appeals, upon the ground that no constitutional question investing this court with jurisdiction of the appeal was properly raised and preserved in the lower court.

Upon the record before this court the motion to transfer must be sustained.

The amended demurrer presents no constitutional question to this court for determination. It is not set out in the record proper and for that reason alone cannot be considered. [State v. Earll, 225 Mo. l. c.

539.] Besides, it was not filed until after arraignment and plea of not guilty. A demurrer, in a case of misdemeanor, filed after a plea of not guilty has been entered, without withdrawing the plea, is filed too late and cannot be considered. [State v. Earll, 225 Mo. 537.]

Neither the motion *non obstante veredicto*, the motion for new trial, nor the motion in arrest was filed until after judgment. Neither of these motions, therefore, present any constitutional question that can be considered by this court on appeal. [R. S. 1909, sec. 5258; State v. Rosenblatt, 185 Mo. l. c. 117; State v. Pritchett, 219 Mo. l. c. 704; State v. Riley, 228 Mo. l. c. 433.]

The fact that a second judgment was entered after the filing and overruling of the motions, does not change the situation. The first judgment being a valid one, and not having been vacated or set aside, the second judgment was a nullity. [State v. Riley, 228 Mo. 431.]

Since the offense of which appellant was convicted is a misdemeanor, and since, so far as the record before us discloses, no constitutional question was raised and preserved at the trial, this court has no jurisdiction of the appeal.

The motion to transfer is sustained and the cause is transferred to the St. Louis Court of Appeals.

*Ferriss* and *Brown, JJ.*, concur.

## ON REHEARING.

KENNISH, P. J.—This case has been fully considered again upon a rehearing, with the result that we are constrained to adhere to the opinion heretofore delivered, sustaining the motion of the Attorney-General to transfer the cause to the St. Louis Court of Appeals.

The question is not whether this court will, as a matter of discretion, hear and determine this case

upon its merits, but rather, has the court authority to entertain appellate jurisdiction thereof?

The Constitution fixes the appellate jurisdiction of this court, and in a given case the record alone must determine whether jurisdiction on appeal is in this court or the Court of Appeals.

It is admitted that this court is without jurisdiction in this case unless a constitutional question was preserved for decision. Appellant seeks to meet this requirement by reliance upon an amended demurrer, a motion for a new trial and a motion in arrest of judgment, each of which presents a constitutional question, and if either is properly a part of the record which this court is authorized to consider, then there is no doubt as to our jurisdiction of the appeal. However, as shown in the opinion herein, the amended demurrer was filed after a plea of not guilty had been entered, the plea not having been withdrawn. Under the ruling of this court in the case of State v. Earll, 225 Mo. 537, the demurrer thus filed cannot be considered. That leaves the motions for new trial and in arrest. The record explicitly shows that these motions were not filed until after final judgment and sentence had been pronounced, and under both the express provisions of the statute and the decisions of this court, such motions must be filed before judgment or they cannot be considered as a part of the record in the cause.

In the conclusion reached we have not overlooked the case of State v. Carson, 231 Mo. 1. That case is distinguishable from the case in hand, in that defendant Carson did not assent to judgment being pronounced, before the filing of the motion for a new trial, but on the contrary objected and notified the court at the time that such motion would be filed within the time allowed by law.

*Ferriss* and *Brown, JJ.*, concur.