## STATE OF MISSOURI, Respondent, v. W. T. BRISCO, Appellant.

St. Louis Court of Appeals. Argued and Submitted March 5, 1912. Opinion Filed April 2, 1912. Opinion on Motion for Rehearing Filed July 19, 1912.

1. CRIMES AND PUNISHMENTS: Appellate Practice: Necessity of Filing Motion for New Trial: Record Proper. In the absence of a motion for a new trial, filed in apt time, and an exception duly saved to its denial, all the proceedings of a criminal trial are closed to examination on appeal, except those shown by the record proper, which, in the case at bar, is *held* to consist of the information, the plea, the submission of the cause to the court, the finding, and the judgment or sentence.

2. BARBERS: Conducting School Without Permit: Indictments and Informations: Sufficiency. An information charging accused with conducting a barbers' school without obtaining a permit from the State Board of Barber Examiners, in violation of section 1192, Revised Statutes 1909, which charges the offense substantially in the language of the statute, is sufficient.

3. APPELLATE PRACTICE: Conclusiveness of Supreme Court's Decision: Law of Case. Where the Supreme Court, on a motion to transfer a case, pending on appeal, to the Court of Appeals, held that the motion for a new trial was not filed in time, the Court of Appeals is thereby precluded from reviewing any matters requiring such motion as a prerequisite to review on appeal.

4. JURISDICTION: Courts of Appeals: Construction of Federal Constitution. The determination of questions involving the con-

struction of the Federal Constitution is not within the jurisdiction of the St. Louis Court of Appeals, under section 12, article 6 of the Constitution of Missouri, as amended by section 5 of the Constitutional Amendment of 1884.

5. **CRIMES AND PUNISHMENTS: Appellate Practice: Necessity of Filing Motion for New Trial.** Even if questions involving the construction of the Federal Constitution were within the jurisdiction of the St. Louis Court of Appeals, they could not be reviewed in a criminal case, where they were not presented in the lower court, and preserved for review by the filing of a motion for a new trial.

Appeal from St. Louis Court of Criminal Correction. —*Hon. Benjamin J. Klene,* Judge.

AFFIRMED.

*Louis A. Steber* for appellant.

*Elliott W. Major,* Attorney-General, and *James T. Blair,* Assistant Attorney-General, for respondent.

REYNOLDS, P. J.—The information in this case, filed in the St. Louis Court of Criminal Correction by the Assistant Prosecuting Attorney, charges the defendant with a violation of section 1192, Revised Statutes 1909, in that on the day named he had wrongfully, wilfully and unlawfully conducted and operated a barber college and barber school without first having obtained from the state board of barber examiners, a permit so to do. The information is substantially in compliance with the statute, specifying that the city of St. Louis is a city of over 5000 inhabitants and giving the names of the parties claimed to have been instructed by defendant in the business of barbering. There being a finding against defendant and a fine of ten dollars imposed by the Court of Criminal Correction, defendant appealed to the Supreme Court. That court, on motion of the Attorney General, transferred the cause to this court. In sustaining the motion to transfer, which was vigorously resisted in that court by the learned counsel for appellant, the Supreme Court, Division No. 2, handed

down an opinion, filed February 11, 1911, which will be found under the title State v. Brisco, 237 Mo. 154, 135 S. W. 58. In that opinion Judge KENNISH, speaking for the other members of the court, distinctly holds that as neither the motion *non obstante veredicto* the motion for a new trial, nor the motion in arrest of judgment were filed until after sentence and judgment, these motions were not before the court; that the fact that a second judgment was entered after the filing and overruling of these motions did not change the situation, "the first judgment being a valid one, and not having been vacated or set aside, the second judgment was a nullity. [State v. Riley, 228 Mo. 431, 128 S. W. 731.]"

Not satisfied with this ruling, the learned counsel for appellant filed a motion for rehearing, whereupon, in an opinion filed November 14, 1911, reported 237 Mo. 154, 140 S. W. 885, Division No. 2 of the Supreme Court overruled the motion for rehearing on the distinct ground that the motions for new trial and in arrest having been filed out of time were nullities and could not be considered as a part of the record in the cause.

We are compelled to hold that under these two decisions of our Supreme Court in this identical case, there is nothing before us for consideration or review but the record proper, that is to say, the information, the arraignment, the plea, the submission of the cause to the court, the finding, and the judgment or sentence.

Learned counsel for appellant insists that even in the absence of a motion for a new trial, we can look into the whole record by which he seems to mean the proceedings at the trial, that including the evidence, and determine from an inspection of this whether error materially affecting the rights of the defendant has been committed. He cites authorities from outside states that seem to lend color to this contention, but it has been too long settled in our state that in the

absence of a motion for new trial, filed in apt time and exception duly saved when that is overruled, all the proceedings, apart from those of the record proper, are closed to examination by the appellate court.

Consideration of the information filed in this case and comparison of it with section 1192, Revised Statutes 1909, on which it is bottomed, satisfies us that it charges an offense substantially in the language of that statute. That is sufficient. Indeed, the learned counsel for appellant makes no very serious contention over the form of the information, and, to do him justice, it must be said that the appeal in this case was evidently taken on the theory that the constitutional questions upon which he relied had been duly presented and decided adversely. But our Supreme Court has held otherwise and it is unnecessary for us to say to counsel as learned as he in the law, that that closes all inquiry by us on that matter; that is, the Supreme Court having held, in this case, that no motion for a new trial had been filed in time, we cannot go into matters which can only be open to us when a motion for a new trial has been duly filed and acted upon.

Counsel, however, in this court presents propositions under the Federal Constitution which he submits makes it the duty of this court to consider any and all questions that properly arise under the Federal Constitution. In support of this he urges that the Federal Constitution is the supreme law of the land; that the act under consideration is unconstitutional under that Constitution; that it is in violation of the 14th Amendment to the Constitution of the United States in that it involves an arbitrary classification, based upon no difference, which bears a reasonable and just relation to the act or business regulated, places burdens upon one class of persons not shared by others ,and is in violation of the fundamental principles of the Federal Constitution in that

that instrument secures the liberty of contract to labor which includes both parties to it.

The determination of these questions is as foreign to our jurisdiction as are the questions involving the construction of the Constitution of our own state. [Missouri Constitution, section 12, article 6, as amended by section 5 of the amendments adopted by the people at the November election, 1884.] Even if we should admit that it is within the jurisdiction of our court to pass upon a case in which is involved the construction of the Constitution of the United States, all such questions are as completely closed to us here by the foregoing decisions of our Supreme Court as are any questions involving the construction of the Constitution of our own state. They have not been presented in the lower court and preserved for review by the apt filing of a motion for a new trial.

Finding no error in the record proper and guided and governed by these two decisions of our Supreme Court in this very case, we hold that we can do nothing but affirm the judgment of the St. Louis Court of Criminal Correction. It is so ordered; that judgment being affirmed. *Nortoni* and *Caulfield, JJ.,* concurring.

## ON MOTION FOR REHEARING.

PER CURIAM.—A motion for rehearing was filed in this case and counsel for appellant asked us to hold up consideration of that motion until the case of Moler v. Wilson, first pending in our Supreme Court for determination, then on a motion for rehearing, had been finally disposed of. That has occurred, the decision of the court reported — Mo. —, 147 S. W. 985. On consideration of that decision, we find no reason to change the conclusion heretofore reached by us in this case. The motion for rehearing is overruled. All concur.