STATE OF MISSOURI, RESPONDENT, v. STEVE YATES, APPELLANT.*

Springfield Court of Appeals. Opinion filed May 23, 1929.

---

*Corpus Juris-Cyc References: Criminal Law, 17CJ. section 3330, p. 54, n. 91; Indictments and Informations, 31CJ, section 181, p. 664, n. 29.

*Hiett, Lamar & Covert, Dale E. Moberly* and *C. H. Jackson* for appellant.

*Raymond G. Corbett* for respondent.

BAILEY, J.—Defendant was charged as a director of the Piney River State Bank, with unlawfully taking, having and receiving or assenting to the reception on deposit in said bank of the sum of $27.50, after he knew that said bank was in failing circumstances. Upon a trial to a jury he was convicted and his punishment assessed at a fine of $100. Defendant appeals.

The first point made by defendant is that the information charges no offense. The information is based on section 3365, Revised Statutes 1919, the pertinent part of which, reads as follows: "If any president, director, manager, cashier or other officer of any banking institution . . . shall receive *or* assent to the reception of any deposit of money or other valuable thing in such bank or banking institution . . . after he shall had knowledge of the fact that such banking institution . . . is insolvent or in failing circumstances, he shall be deemed guilty of larceny." (Italics ours.)

It is defendant's contention that the statute creates two separate and distinct offenses i. e., one of receiving a deposit after knowledge of the bank's failing condition and the other of assenting to the reception of any deposit after such knowledge; that the information charged the defendant "unlawfully and willfully did have, take and receive *or* assent to the reception on deposit in the said Piney River State Bank." (Italics ours.) It is further contended that the information, by the use of the disjunctive "or" instead of the conjunctive "and," fails to charge any offense under the law of this state.

Our Supreme Court has held that an information which charges that defendant did unlawfully manufacture "hootch, moonshine *or* corn whiskey" (italic ours), states no offense. It is said that, "where the statute describes acts or offenses disjunctively, the indictment or information should charge them conjunctively, if they are not repugnant." [State v. Bilyeu, 295 S. W. 104, l. c. 105; State v. King, 285 S. W. 794; State v. Flynn, 258 Mo. 211, 167 S. W. 516; State v. Disbennett, 7 S. W. 386.] We think this case clearly falls within that rule.

Plaintiff suggests that in a misdemeanor action no demurrer to an information filed after an entry of a plea of not guilty (as here), will be considered unless the plea of not guilty be withdrawn, citing State v. Earll, 225 Mo. 537. But we understand the rule to be that where an information is fatally defective on its face, the objection thereto may be raised for the first time even in the appellate court.

[State v. Winterbauer, 300 S. W. 1071; State v. Morgan, 222 S. W. 425; Ex parte Sydnor, 10 S. W. (2d) 63.]

The information is this case fails to inform defendant whether he is to defend against a charge of consenting to the receiving of a deposit or actually receiving a deposit with knowledge of the bank's failing condition. He is entitled to a clear statement of the crime with which he, is charged, under the cases cited.

· Other errors are assigned which need not be considered at·this time.

The judgment should be reversed and the cause remanded. It is so ordered.·

*Cox, P. J.,* and *Smith, J.,* concur.