THE STATE v. STREETER FRASER, Appellant.

**Division Two, May 18, 1909.**

1. **MOTION FOR NEW TRIAL: After Judgment and Sentence.** The statute (Sec. 2689, R. S. 1899), expressly providing that the motion for a new trial shall be filed before the judgment is rendered, is mandatory; and if the motion is filed after judgment and sentence, nothing can be considered on appeal except the record proper.

2. **RECORD PROPER: Free from Error: Affirmance.** Where there is nothing before the appellate court except the record proper and it is free from error—the information properly charging the offense of which appellant was convicted and being duly verified; the verdict in due form, finding the defendant guilty as charged, and assessing his punishment according to the statute; and the judgment rendered upon that verdict being in proper form—there is nothing that the appellate court can do on appeal except to affirm the judgment.

Appeal from Laclede Circuit Court.—*Hon. L. B. Woodside*, Judge.

Affirmed.

*Elliott W. Major*, Attorney-General, and *John M. Dawson*, Assistant Attorney-General, for the State.

(1) The record proper shows that the motion for a new trial was filed after judgment and sentence. The motion for a new trial must be filed before judgment. This is mandatory. Therefore, there is nothing before the court but the record proper, and if no error appears in the record proper, this court will affirm the judgment. R. S. 1899, sec. 2689; State v. Brooks, 92 Mo. 591; State v. Maddox, 153 Mo. 473. (2) The information charges the offense in the language of the statute and is in approved form. Kelly's Crim. Law and Prac., sec. 609; State v. Tutt, 63 Mo. 595; State v. Henley, 30 Mo. 509; State v. McGuire, 193 Mo. 226; State v. Helms, 179 Mo. 283; 3 Chitty, Crim. Law,

1117; State v. McGraw, 87 Mo. 161; State v. Shields, 89 Mo. 259; State v. Tyrell, 93 Mo. 354; State v. Taylor, 136 Mo. 66.   (3)  The jury found defendant guilty of burglary, as was charged in the information. No finding was made as to larceny.. The verdict is responsive to the charge, and would protect defendant against another prosecution for the same offense, and defendant would be enabled to plead *autrefois convict.* State v. Rowe, 142 Mo. 441.

FOX, J.—This cause is now pending before this court upon appeal by the defendant from a judgment of the circuit court of Laclede county, convicting him of burglary in the second degree.

The record before us discloses that the defendant was tried and after the verdict was returned judgment was entered upon such verdict.   Subsequent to sentence and judgment defendant filed his motion for a new trial.

Section 2689, Revised Statutes of 1899, expressly provides that the motion for new trial shall be filed before the judgment is rendered in the cause.   This provision of the statute as to the motion for new trial being filed within four days has been held in a number of cases as being mandatory.   [State v. Brooks, 92 Mo. l. c. 591; State v. Maddox, 153 Mo. l. c. 473.]

There is no necessity for discussing this proposition as to the effect of the motion for new trial being filed after sentence and judgment.   In the case of State v. Pritchett, 219 Mo. 696, that question is fully considered, therefore what is said in that case is applicable to the case at bar.   It was ruled in the Pritchett case that the failure to file the motion for new trial before sentence and judgment, with the additional failure to object and except to the court rendering judgment at that time before passing upon the motion for new trial, simply leaves the case in the appellate court upon the record proper; therefore

it follows, that as applicable to this case, there is nothing to be considered except the record proper.

Directing our attention to the record proper, we find the information properly charges the offense of which defendant was convicted. It was duly verified by the prosecuting attorney. The verdict was in due form, finding the defendant guilty of burglary in the second degree as charged in the information, and the judgment rendered upon that verdict seems to be in proper form; therefore there is nothing left to be done by this court except to affirm the judgment. It is therefore ordered that the judgment of the trial court in this cause be and is hereby affirmed.

All concur.