## THE STATE v. WILBUR THOMAS, Appellant.

### Division Two, February 7, 1911.

**MOTION FOR NEW TRIAL: Untimely: Record Free From Error.** A motion for a new trial in a criminal case must be filed before judgment or it cannot be considered, unless an objection is saved to the action of the trial court in pronouncing judgment on the same day the verdict is returned and without giving defendant an opportunity to file such motion; and if no such objection was made, and the motion was filed three days after judgment and within the term, and the record is free from error, the judgment will be affirmed on appeal.

Appeal from Platte Circuit Court.—*Hon. Alonzo D. Burnes,* Judge.

AFFIRMED.

*Allen, Gabbert & Mitchell* for appellant.

*Elliott W. Major,* Attorney-General, and *John M. Dawson,* Assistant Attorney-General, for the State.

(1)   The indictment is valid, sufficient and in accordance with the language of the statute, and meets the approval of the opinions of this court in form and

substance.  State v. Pheland, 65 Mo. 547; State v.
Doyle, 107 Mo. 36; State v. Williams, 191 Mo. 205;
State v. Harris, 209 Mo. 423.  (2)   Where the assault
is made by shooting with a gun or pistol, or by stab-
bing with a knife, it is unnecessary to allege that the
weapon is a deadly one, for it is recognized as such
by the statute.  State v. Williams, 191 Mo. 205.  (3)
The appellant waived formal arraignment upon the
indictment and entered his plea of not guilty.  (4) The
jury were qualified, sworn, impaneled and the appel-
lant was represented by counsel.  (5)   The verdict is
definite, certain and responsive to the issues joined.
(6)   The judgment of sentence is fully shown by the
record proper and is in regular form.   (7)   The mo-
tion for new trial shall be filed before the judgment is
rendered.  This is mandatory, and if the motion is
filed after judgment and sentence, nothing can be con-
sidered on appeal except the record proper.  R. S.
1909, sec. 5285; State v. Fraser, 220 Mo. 34; State v.
Brooks, 92 Mo. 591; State v. Maddox, 153 Mo. 473;
State v. Pritchett, 219 Mo. 704.  To the same effect is
the filing of the motion in arrest of judgment.  1
Chitty's Crim. Law (5 Ed.), p. 663; Bishop on Crim.
Proc. (1 Ed.), sec. 962.  Both motions in this case were
out of time; that is to say, they were filed after judg-
ment.  There is nothing here for the court to review
except the record proper.  State v. Rosenblatt, 185
Mo. 119; State v. Brown, 206 Mo. 507.


FERRISS, J.—At the March term, 1909, of the
circuit court of Platte county, defendant was con-
victed of a felonious assault with intent to kill, and
appeals from the judgment of conviction.

It appears from the record that the verdict was
returned and judgment thereon rendered on March 17,
1909, three days prior to the filing of defendant's mo-
tion for a new trial.  Section 5285, Revised Statutes

1909 (R. S. 1899, sec. 2689), provides that the motion for new trial shall be "filed before judgment and within four days after the return of the verdict," and it has been frequently held by this court that said statutory provision is mandatory. [State v. Fraser, 220 Mo. 34; State v. Pritchett, 219 Mo. l. c. 704; State v. Maddox, 153 Mo. l. c. 473; State v. Brooks, 92 Mo. l. c. 596.]

In the recent case of State v. Carson, 231 Mo. 1, Judge GANTT held that where the court pronounced judgment immediately after a finding of guilty, and before a motion for new trial was filed, and where at the time the defendant excepted to the action of the court in so pronouncing judgment and gave notice that he would file his motion for a new trial, there was no waiver by defendant, because he could not have acted more promptly. In the case at bar there was no objection or exception to the action of the court. The motion was filed too late, and we must hold that there is nothing before us save the record proper.

The indictment properly charges the offense of which defendant was convicted, the verdict and the judgment thereon are in due form, and the record in all respects free from error. The judgment, therefore, is affirmed. *Kennish, P. J.,* and *Brown, J.,* concur.