# THE STATE v. JOHN K. DUNNEGAN, Appellant.

### Division Two, May 26, 1914.

1. **MOTIONS FOR NEW TRIAL AND IN ARREST: Filed Too Late: Appeal: Record Proper.** Where upon the same day the accused was found guilty of felonious assault, the court pronounced judgment against him without objection or exception on his part, his motions for new trial and in arrest of judgment, filed the next day, were filed out of time and too late to be considered by the Supreme Court upon appeal. It therefore follows that only the record proper can be reviewed.

2. **NO ALLOCUTION SHOWN BY RECORD.** Where the transcript in a criminal case, duly certified by the circuit clerk and purporting to set forth a full transcript of the record proper, fails to show allocution, the judgment will be reversed and remanded, with directions to the trial court to have the accused brought into court for allocution and judgment.

Appeal from Ozark Circuit Court.—*Hon. John T. Moore*, Judge.

REVERSED AND REMANDED (*with directions*).

*George W. Boone* for appellant.

The judgment in this case cannot stand since there was no allocution. R. S. 1909, sec. 5263; State v. Kile, 231 Mo. 50.

*John T. Barker*, Attorney-General, and *Shrader P. Howell* for the State.

(1) The motion for a new trial having been filed after judgment and sentence, there is nothing before the court for review but the record proper. Sec. 5285, R. S. 1909; State v. Rosenblatt, 185 Mo. 114; State v. Pritchett, 219 Mo. 704; State v. Fraser, 220 Mo. 34; State v. Thomas, 232 Mo. 216; State v. Standley, 232 Mo. 23; State v. Carson, 231 Mo. 1; State v. Currier,

225 Mo. 642. (2) When the motion in arrest is filed subsequent to judgment, as in this case, such motion cannot be considered as a part of the record in the cause for the purpose of review on appeal. Bishop on Crim. Prac. (1 Ed.), sec. 862; State v. Briscoe, 237 Mo. 156; State v. Brown, 206 Mo. 507; State v. Rosenblatt, 185 Mo. 117; State v. Clinkenbeard, 232 Mo. 542. (3) Where the motions for a new trial and in arrest of judgment and the instructions given by the trial court are not incorporated in the bill of exceptions, they cannot be considered on appeal. State v. Tooker, 188 Mo. 444; State v. Herron, 199 Mo. 159; State v. Little, 228 Mo. 296; State v. Glasscock, 232 Mo. 291; State v .Morgan, 243 Mo. 629. (4) The judgment is in conformity to the verdict and in due form. Allocution is no part of the judgment proper, but a step preliminary thereto. State v. Ball, 27 Mo. 324; State v. Riley, 228 Mo. 433. (5) (a) Although the record does not affirmatively show that allocution was extended to the defendant, yet the presumption obtains that the court below discharged its full duty in this respect. State v. Brown, 75 Mo. 317; State v. Stevenson, 93 Mo. 94; State v. Crawford, 99 Mo. 82; State v. Cunningham, 100 Mo. 388; State v. Baty, 166 Mo. 564; State v. Temple, 194 Mo. 243; State v. Ruch, 194 Mo. 438; State ex rel. v. Broaddus, 216 Mo. 345; State v. Rasco, 239 Mo. 553; State v. Skibiski, 245 Mo. 464; Hadley v. Berniro, 97 Mo. App. 319; State v. Willson, 161 Mo. App. 308; People v: McGeery, 6 Parker's Crim. 656; Bond v. State, 23 Ohio St. 349; Campbell v. State, 148 Ind. 529. (b) In a minor felony case, even though allocution were in fact not had, the failure of defendant to interpose an objection and exception would be equivalent to a waiver of his right thereto. 1 Bishop's New Crim. Prac. (2 Ed.), secs. 119, 126; State v. Nelson, 132 Mo. 196; State v. Schmidt, 137 Mo. 269; State v. Nave, 185 Mo. 135; State v. Temple, 194 Mo. 241; State v. Pritchett, 219 Mo. 703; State

v. Bishop, 231 Mo. 415; Bressler v. People, 117 Ill.
444; Lillard v. State, 151 Ind. 327. (c) Where the
defendant has been heard either on a motion for
a new trial or in arrest, and in all misdemean-
ors, the statutory requirement is not mandatory,
but directory merely. Secs. 5263, 5264, R. S. 1909;
State v. Nagel, 136 Mo. 50; State v. Clinkenbeard, 232
Mo. 543; State v. Kanupka, 247 Mo. 713. (d) If in
the circumstances of the particular case, the lack of
allocution has in nowise prejudiced the substantial
rights of the defendant, the omission will be disre-
garded on appeal. Sec. 5115, R. S. 1909; State v.
Snyder, 98 Mo. 559; State v. Kennett, 151 Mo. App.
639; State v. Mitchel, 237 Mo. 215; Steils v. State, 124
Pac. 76; People v. Osterhout, 34 Hun, 260; State v.
Reddington, 7 S. D. 371; Wharton's Crim. Pl. and Pr.
(9 Ed.), sec. 906; State v. Hoyt, 47 Conn. 544; State
v. O'Kelley, 258 Mo. 345. (e) In no event is the omis-
sion of the ceremony of allocution a ground for a new
trial, but merely for vacating the existing judgment
and remanding the cause for the purpose of pronounc-
ing a new judgment and sentence. State v. Ball, 27
Mo. 324; State v. Stark, 72 Mo. 37; State v. Nagel, 136
Mo. 50; State v. McLain, 137 Mo. 317; State v. Kile,
231 Mo. 64; State v. Kile, 242 Mo. 195.

WILLIAMS, C.—Upon trial had in the circuit
court of Ozark county at the February term, 1913, de-
fendant was found guilty of felonious assault, and his
punishment assessed at a fine of one hundred dollars.

It appears from the record that the verdict of the
jury was returned February 12, 1913, and that upon
the return of the verdict and upon the same day, the
court pronounced judgment against the defendant. No
objection or exception appears to have been interposed
by the defendant to this action of the court. There-
after, on February 13, 1913, the defendant filed motions
for new trial and in arrest of judgment, which motions

were by the court overruled and thereupon defendant perfected an appeal to this court.

Under the above circumstances and absent any objection or exception on the part of defendant to the action of the court in rendering judg-

Motions for New Trial and in Arrest: Filed too Late. ment so soon after the return of the verdict, the motions for new trial and in arrest of judgment having been filed after judgment, were filed out of time and too late to be considered by the court. [State v. Fraser, 220 Mo. 34; State v. Pritchett, 219 Mo. 696; State v. Kile, 231 Mo. 59; State v. Rosenblatt, 185 Mo. 114; State v. Briscoe, 237 Mo. 154.] It therefore follows that only the record proper is before us for review. [State v. Kile, supra; State v. Fraser, supra.]

Turning to a consideration of the record proper, we find the information and verdict are in proper form

Allocution: Not Shown by Record. and that all proper steps were observed except that it nowhere appears in the record that allocution was extended the defendant.

Respondent insists that "although the record fails to show that allocution was extended the defendant, yet, the presumption obtains that the court below discharged its full duty in this respect." We are unable to agree with the contention of the Attorney-General in this regard. The very purpose of the record proper is to show what transactions occurred in the case in the trial court (other than matters of exception which must be preserved by bill of exceptions).

If the abstract of the record, upon its face, shows that it does not purport to set forth a full transcript of the record proper, then the presumption insisted upon by respondent might well be allowed to prevail, but where, as here, the transcript of the record is duly certified by the clerk of the circuit court as required by section 5308, Revised Statutes 1909, and purports

to set forth a full transcript of the record proper such presumption should not prevail. In discussing an analogous situation in the case of State v. Mitchell, 199 Mo. 105, GANTT, J., quotes with approval from a Texas case the following: "Or it may be contended that the court would not have overlooked so important a feature in the trial of so important a case as the swearing of the jury. We concede that it is not probable that so important a fact was omitted, but it is the very object of making the record to perpetuate the transactions, and the record purporting to state the transaction precisely as it occurred, what right have we to presume that it occurred in some other way?" [Id. l. c. 107-108.] The rule here applicable was aptly and ably stated by JOHNSON, J., in the case of State v. Hurst, 123 Mo. App. 39, l. c. 43, as follows: "The fact that the record is conclusive as to the verity of its recitals and professes to state all that did occur precludes the presumption that something not stated therein in fact occurred. Certainly, the verity of a record cannot be impeached by inference nor by the presumption that the officers of the court have done the things they should have done."

The situation in this case is the same as that involved in the case of State v. Kile, supra. In that case it was held that: "The failure of the record to show a proper allocution is an error occurring after the verdict and does not affect the regularity of the proceedings before judgment and therefore does not entitle the defendant to a reversal of the judgment and a new trial. [State v. McClain, 137 Mo. 307; State v. Snyder, 98 Mo. 555; State v. Nagel, 136 Mo. 45.]" In that case, the cause was remanded for allocution and proper judgment.

It therefore follows that, by reason of the failure of the circuit court to inform defendant of the verdict of the jury and to ask him whether he had legal cause to show why judgment should not be pronounced

against him, the judgment must be reversed and the cause remanded, with directions to the trial court to have defendant brought into court for allocution and judgment in accordance with section 5263, Revised Statutes 1909. It is so ordered. *Roy, C.,* concurs.

PER CURIAM.—The foregoing opinion of WILLIAMS, C., is adopted as the opinion of the court. All the judges concur.