### THE STATE v. ASA SPARKS, Appellant.

**Division Two, February 23, 1915.**

1. **APPEAL: Felony.** Where the offense of which defendant was convicted is a felony, his appeal is to the Supreme Court, notwithstanding his punishment was fixed at imprisonment in the county jail.

263Mo39

2. ———: Diminution of Record: Suggestion Accompanied by Certified Copies. While the Supreme Court does not hold that in no criminal case will it consider a motion suggesting a diminution of record and praying for an order compelling the clerk of the trial court to send up a complete transcript, filed on the very day the case is set down for argument, yet it suggests that it is far better practice, when such a motion is filed, that it be accompanied by certified copies of the record, document or evidence which have been omitted from the transcript or incorrectly copied therein; and when that is not done, it will exercise its own discretion to grant or overrule such motion.

3. ———: Motion for New Trial: Filed After Judgment. When the record in a criminal case shows an allocution, and that the motion for a new trial was not filed until one day after sentence was pronounced and judgment entered, nothing contained in the purported bill of exceptions can be considered on appeal.

4. ———: ———: ———: Allocution: Presumption. When the record on appeal shows that the sentence was pronounced and the judgment entered before a motion for a new trial was filed, it will be presumed, in the absence of a contrary showing, that the trial court was informed by defendant that he did not desire to be heard on a motion for a new trial.

5. MOTION FOR NEW TRIAL: Filed After Judgment: Request for Time. If the defendant moves the court to grant him time in which to file a motion for a new trial before entering judgment and that request is denied, then such ruling and the evidence introduced upon such motion become matters of exception.

6. ———: ———: Premature Entry. If the clerk writes up a judgment before one has actually been pronounced, as sometimes occurs, it becomes defendant's duty to move the court to vacate or expunge from its record such unauthorized judgment before filing his motion for a new trial. Otherwise, the judgment must on appeal stand as an absolute bar to the consideration of errors found only in the bill of exceptions.

7. APPEAL: In Criminal Case: Short Method. A certified copy of the judgment of the circuit court and order of appeal, serves no useful purpose in a criminal cause. [Overruling, on this point, State v. Short, 250 Mo. 331.] If a review only of the record proper is desired a transcript of the entire record proper should be filed.

8. ———: ———: No Bill of Exceptions: Review of Record Proper. Where no motion for a new trial was filed until after judgment and sentence, and the record proper shows an information legally sufficient to charge defendant with the offense of which he was convicted, that he waived formal arraignment, was found guilty and his punishment fixed according to the

statute by a jury duly impaneled and sworn, and that he was accorded a allocution, after which sentence was duly pronounced in accordance with the verdict of the jury, and fails to show anything further in regard to the motion for a new trial, the judgment will be affirmed.

Appeal from Bollinger Circuit Court.—*Hon. Peter H. Huck,* Judge.

AFFIRMED.

*J. W. Caldwell* and *William M. Morgan* for appellant.

*John T. Barker,* Attorney-General, and *Shrader P. Howell* for the State.

(1) Where the information charges a felony and the defendant is convicted as charged, it remains a felony for the purposes of an appeal, even though the punishment assessed is a jail sentence. Sec. 4382, R. S. 1909; Art. 6, sec. 12, Constitution; Section 5 of 1884 Amendment Constitution; State v. Gilmore, 28 Mo. App. 561; State v. Melton, 117 Mo. 618; State v. Zinn, 141 Mo. 329; State v. Herrick, 158 Mo. App. 487; State ex rel. v. Foster 187 Mo. 603; State v. Woodson, 248 Mo. 705; State v. Underwood, 254 Mo. 469. (2) The motion for a new trial having been filed after judgment, there is nothing before this court for review but the record proper. The amended record affirmatively shows that the jury returned their verdict on September 10, 1913, and immediately thereafter, without objection or exception, the court pronounced judgment and sentence against the defendant. On the following day the defendant filed his motion for a new trial, which was overruled. Under the express terms of Sec. 5285, R. S. 1909, the motion for a new trial must be filed before judgment, in order to preserve matter of exception for consideration on appeal. The only exception to this

rule is where judgment is pronounced immediately upon the return of the verdict, over the objection and exception of the defendant. In this case, however, the defendant entered no protest to the action of the court in pronouncing sentence upon him, and thereby will be held to have waived his rights thereunder. The motion for a new trial having been filed too late there is nothing for the consideration of this court but the record proper. Sec. 5285, R. S. 1909; State v. Pritchett, 219 Mo. 704; State v. Fraser, 220 Mo. 34; State v. Thomas, 232 Mo. 216; State v. Standley, 232 Mo. 23; State v. Carson, 231 Mo. 1; State v. Currier, 225 Mo. 642.

BROWN, J.—Defendant was convicted in the circuit court of Bollinger county on September 10, 1913, of the crime of breaking the custody of an officer, as denounced by section 4382, Revised Statutes 1909, and he appeals from a judgment fixing his punishment at imprisonment for six months in the county jail. This appeal was first granted to the Springfield Court of Appeals, but, as the offense of which defendant was convicted is a felony, the latter court transferred the appeal to this court. [State v. Underwood, 254 Mo. 469.]

What purports to be a complete transcript of the record proper and bill of exceptions was lodged with the clerk of this court on May 19, 1914. Said transcript was so incomplete that on June 30, 1914, our Attorney-General filed suggestions of diminution of record, which suggestions were by the court sustained, and the clerk of the circuit court commanded to make out, certify and transmit to this court a full and complete copy of all record entries in his office pertaining to this cause. On September 7, 1914, the clerk complied with our command.

The only material difference between the transcript thus obtained and the record entries found in the original transcript is that the one last filed shows that the jury which tried defendant was duly sworn; that defendant was accorded an allocution before sentence; and that the motion for new trial was filed one day after the judgment of conviction had been entered. These important entries were omitted from the original transcript.

I. On January 5, 1915 (the day on which this cause was docketed for trial in this court), the defendant, without challenging the correctness of the transcript sent up under our first order, filed his motion suggesting diminution of record and praying that the clerk of the trial court be commanded to send up a full, true and complete transcript of all record entries in this cause.

Objections to Record.

This motion was overruled, and properly so, because we had already done, at the instance of the Attorney-General, the very thing the defendant requested us to do.

Without committing ourselves to the proposition that we will not in any criminal case consider a motion filed in such untimely manner to amend or correct a record, we suggest that it would be far better practice, when a party suggests that any record, document or evidence has been omitted from the transcript, or any record entry, document or evidence has been incorrectly copied into such transcript, to file with his motion suggesting diminution true certified copies of such omitted or incorrectly copied entries, documents or evidence. When this is not done we will exercise our discretion to grant or overrule such motion as justice and the diligence of the movent may seem to demand.

II. The fact that the amended abstract of the record proper prepared and filed by the clerk of the

**Motion for New Trial.** circuit court at our command, shows that the motion for new trial was not filed until one day after sentence and judgment was pronounced upon defendant precludes us from reviewing any matter of error found in the bill of exceptions (if such there be). This precise point was before us and ruled upon in the recent cases of State v. Thomas, 232 Mo. 216, and State v. Briscoe, 237 Mo. 154.

When the record, as in this case, shows that the sentence was pronounced and judgment entered before the motion for new trial was filed it will be presumed, in the absence of a contrary showing, that the trial court was informed by the defendant that he did not desire to be heard on a motion for new trial.

If defendant had moved the trial court to grant him time to file a motion for new trial before entering judgment, and that request had been denied, then such ruling denying time to file a motion for new trial as well as the evidence introduced upon such motion, would became a proper matter of exception. [State v. Carson, 231 Mo. 1.]

It may sometimes occur that clerks will write up judgments against defendants before any judgment has been actually pronounced by the court; in all such cases it becomes the duty of defendant to move the court to vacate or expunge from its records such premature or unauthorized judgment before filing his motion for new trial. Otherwise, the judgment must stand as an absolute bar to the consideration of errors found only in the bill of exceptions.

III. Among the files in this cause is a certified copy of the judgment of the circuit court and the order **Appeal: "Short Form."** granting the appeal. This document need not have been mentioned, except to emphasize the fact that it serves no useful purpose in a criminal cause. In civil causes the filing

of a certified copy of the judgment and order granting an appeal, together with the payment of the docket fee, gives the appeal its place on our docket, but, as the statute automatically advances all criminal cases, it is useless to file in this court a fragment or fraction of the record proper. If a review only of the record proper is desired a transcript of the entire record proper should be filed. The case of State v. Short, 250 Mo. 331, in so far as it conflicts with the views expressed in this opinion, is overruled.

IV. We find on file in this cause an information which is legally sufficient to charge the defendant with the offense of which he was convicted.

Record Proper. The amended transcript of the record entries filed under our former order shows that defendant waived formal arraignment, and that he was found guilty and his punishment fixed at six months in jail by a jury duly impaneled and sworn; that he was accorded an allocution, after which sentence was duly pronounced in accordance with the verdict of the jury. The record proper contains no reversible error and the judgment is affirmed. *Faris, P. J.,* and *Walker, J.,* concur.