THE STATE v. STANLEY BAIRD, Appellant.

Division Two, February 23, 1923.

1. INFORMATION: Deadly Weapon: Omission of Preposition With.
   An information charging that defendants did feloniously make an
   assault "and a dangerous weapon, to-wit, a pistol then and there
   loaded with gunpowder and leaden balls, which they, . . . in
   their hands, then and there had and held, at and against him,
   . . . then and there feloniously . . . did shoot off and dis-
   charge, and with the pistol aforesaid, . . . feloniously . . .
   did shoot and strike him," is grammatically correct, and the
   omission of the word "with" before "a dangerous weapon" was
   proper.

2. ————: Then and There Died.   Where deceased was shot on March
   9th and died on March 11th, the information charging that of said
   mortal wound the deceased died on March 11th stated the truth;
   the charge would not have been true if it had stated that of the
   mortal wound aforesaid the deceased then and there died.

3. MOTION FOR NEW TRIAL: After Sentence and Judgment.   A
   motion for a new trial in a criminal case must be filed before
   sentence and judgment; and where the record proper shows that
   sentence was pronounced and judgment entered and that a motion

State v. Baird.

for a new trial was thereafter filed, without any motion to vacate the judgment or anything to suggest that, before sentence and judgment, defendant had informed the court that he desired to file a motion for a new trial, such motion came too late, and in contemplation of law was not filed at all, and neither it nor other parts of his bill of exceptions can be considered on appeal.

4. ———: ———: Continuance: Change of Venue: Matters of Exception. Applications for change of venue and for a continuance are matters of exception, and for a review of any assigned error in denying them they must be preserved in the bill of exceptions; and if there was no timely motion for a new trial no part of the bill can be considered on appeal.

Appeal from Christian Circuit Court.—*Hon. C. H. Skinker*, Judge.

AFFIRMED.

*G. Purd Hays, Rufe Scott, W. L. Vandeventer* and *Robt. L. Gideon* for appellant.

(1) That the information is defective, and the motion to quash and the motion in arrest should have been sustained. (a) The word "with" is omitted before the word "weapon." (b) The concluding part is defective as it fails to state time and place of the death of deceased. It concludes by saying "of the mortal wound aforesaid died." It should say, "of the mortal wound aforesaid then and there died." State v. Rutor, 126 Mo. 328; State v. Jump, 176 Mo. App. 299; State v. Lakey, 65 Mo. 217; State v. Mayfield, 66 Mo. 125. (2) The court erred in sending the cause to Christian County on defendant's application for change of venue from Stone County, as he included Christian County in his application for change of venue, and that the inhabitants of Christian County were prejudiced against him. Said application was signed by five resident citizens of Stone County. Laws 1921, sec. 3973. (3) The court erred in overruling the motion as to the jurisdiction. The court fixed a time for trial not fixed by law when the venue was changed. After the court granted the

change of venue and sent the cause to Christian County, the court then made this order: "It is further ordered by the court that the trial of this cause be, and the same is hereby set for the second Monday, it being the 12th day of September, A. D. 1921." When a change of venue is granted the case goes to another county and is treated by the law and the clerk as an original cause. Christian County Circuit Court is held on the first Monday in September, and could not have been on the 12th day of September, 1921, as the first Monday was September 5, 1921. R. S. 1919, sec. 3984. (4) The court erred in over-ruling the application for a continuance. The proper affidavit was made for absent witnesses, as the application shows. R. S. 1919, sec. 3997; State v. Hesterly, 182 Mo. 30; State v. DeWitt, 152 Mo. 85.

*Jesse W. Barrett*, Attorney-General, and *J. Henry Caruthers*, Assistant Attorney-General, for respondent.

(1) The information is in approved form and sufficient. State v. Horn, 204 Mo. 546; State v. Stacy, 103 Mo. 13; Kelley's Criminal Law & Prac. p. 419; State v. Rector, 126 Mo. 341; State v. Meyers, 99 Mo. 112. (2) The record proper fails to show the filing of the bill of exceptions within the time allowed by the court or that it was ever filed at all. The statement in the bill of exceptions itself that it was filed on the 1st day of the regular —————— term, 1922, is insufficient, since the bill cannot prove itself. It is appellant's personal duty to see that the proper record entries are made in this record. There is nothing here for review except the record proper. School Dist. v. Boyle, 113 Mo. App. 341; Bick v. Williams, 181 Mo. 527; Shemwell v. McKinney, 214 Mo. 694. A full transcript of the record, including the bill of exceptions, must be made out, certified, returned and filed by the appellant, the same as in civil cases. Secs. 1459, 4103, R. S. 1919. (3) It seems to appear from the bill of exceptions that the motion for a new trial was filed out of time, to-wit, on May 31, 1922 (file mark on the back), when the verdict was returned on September 16, 1921. If this be true, then the bill of exceptions cannot be noticed and considered in review.

DAVIS, C.—The Prosecuting Attorney of Stone County, by information filed on the ———— day of July, 1921, charged defendant and Gip Webster with murder in the first degree. On a change of venue to Christian County, defendant was, ón the 16th day of September, 1921, convicted and sentenced to life imprisonment, for that, on March 9, 1921, he mortally wounded, by a pistol shot, James A. Crabtree, who subsequently died.

The information, omitting caption and verification, is as follows:

"W. E. Renfro, Prosecuting Attorney, within and for the County of Stone, in the State of Missouri, informs the court on his oath of office and to the best of his knowledge, information and belief that Stanley Baird and Gip Webster on or about the 9th day of March, 1921, at the said County of Stone, in and upon one James A. Crabtree, then and there being, feloniously, willfully, deliberately, premeditatedly and of their malice aforethought, did make an assault and a dangerous and deadly weapon, to-wit, a pistol then and there loaded with gun powder and leaden balls, which they, the said Stanley Baird and Gip Webster, in their hands then and there had and held, at and against him, the said James A. Crabtree, then and there feloniously, on purpose and of their malice aforethought, willfully, deliberately and premeditatedly, did shoot off and discharge, and with the pistol aforesaid, and the leaden balls aforesaid, then and there feloniously, on purpose and of their malice aforethought, willfully, deliberately and premeditatedly, did shoot and strike him, the said James A. Crabtree, in and upon the body of him, the said James A. Crabtree, giving to him, the said James A. Crabtree, then and there with the dangerous and deadly weapon, to-wit, the pistol aforesaid, in and upon the body of him, the said James A. Crabtree, one mortal wound, of which mortal wound the said James A. Crabtree, from the 9th day of March, 1921, until the 11th day of March, 1921, at the county aforesaid, did languish, and languishing did live, on which said 11th day of March,

State v. Baird.

1921, the said James A. Crabtree, at the County of Stone aforesaid, of the mortal wound aforesaid, died, and W. E. Renfro, Prosecuting Attorney aforesaid, upon his oath of office aforesaid, does say that the said Stanley Baird and Gip Webster, him the said James A. Crabtree, in the manner and by the means aforesaid, feloniously, willfully, deliberately, premeditatedly and of their malice aforethought did kill and murder; against the peace and dignity of the State.''

On September 16, 1921, the jury returned in open court the following verdict:

''We, the jury, find the defendant, Stanley Baird, guilty as charged in the information, of murder in the first degree and assess his punishment at imprisonment in the State Penitentiary for the term of his natural life.''

The record proper shows the following entries relative to the judgment, sentence, motion for a new trial and motion in arrest of judgment, to-wit:

''STATE OF MISSOURI,———Plaintiff, ⎫
109— v. —1191.                                          ⎬   MURDER.
STANLEY  BAIRD———Defendant ⎭

SENTENCE AND JUDGMENT.

''Now, at this 16th day of September, A. D. 1921, same being the 11th judicial day of the regular September Term, 1921, comes the prosecuting attorney for the State, and also comes the defendant herein, in person, in the custody of the sheriff of this county, in the presence of his attorney and counsel in open court, whereupon the said defendant is informed by the court, that he has been found guilty of murder in the first degree, by a jury, and punishment assessed at imprisonment in the State Penitentiary for a term of his natural life; and being now asked by the court if he had any legal cause to show why judgment should not be pronounced against him according to law, and still failing to show

cause, it is therefore sentenced, ordered and adjudged by the court, that the said defendant, Stanley Baird, having been found guilty as aforesaid, be confined in the Penitentiary of the State of Missouri, for a period of his natural life from the 16th day of September, 1921, and that the sheriff of this county shall, without delay, remove and safely convey the said defendant to the said penitentiary, there to be kept, confined and treated in the manner directed by law, until the judgment and sentence of the court herein be complied with, or until the said defendant shall be otherwise discharged by due course of law. It is further considered, ordered and adjudged by the court, that the State have and recover of said defendant the costs in this suit expended, and that execution hereof issue therefor.

"Afterwards, on the same day comes the defendant, by his attorney and files herein his motion praying the court to set aside its judgment in the above cause and grant him a new trial; and the court having seen, heard and fully understood said motion and having been fully advised in the premises doth overrule same.

"At the same day comes the defendant herein, by his attorney, and files herein his motion praying the court to arrest and set aside its judgment cause shown; and the court having seen, heard and fully understood said motion and having been fully advised in the premises doth overrule same."

I.   Defendant challenges the sufficiency of the information because (1) it charges no offense under the laws of the State of Missouri; (2) it is vague, indefinite and so disconnected that it does not legally inform the defendant of the accusations against him; (3) the word "with" is omitted.

Information.

The third, which probably includes the second challenge, is directed to that part of the information as

follows: ". . . *did make an assault and a dangerous
and deadly weapon, to-wit,* . . . " It is the con-
tention of defendant that the information should read
*"did make an assault with a dangerous and deadly wea-
pon."* Construing the information, we do not find it
to be vague, indefinite or disconnected, or that the word
"with" was omitted. That part of the information un-
der consideration states "upon one James A. Crabtree
. . . did make an assault and a dangerous and dead-
ly weapon, to-wit: a pistol . . . then and there load-
ed . . . which they . . . in their hands then
and there had and held, at and against him . . . did
shoot off and discharge," etc. The information charges
in transposed and rounded English: "That Stanley
Baird and Gip Webster, upon one James A. Crabtree,
did make an assault and did shoot off and discharge a
dangerous and deadly weapon, to-wit, a pistol, then and
there loaded, at and against him, which they, then and
there had and held in their hands." Reading it thus:
"It is coherent, sensible and definite and fully informs
the defendant of the charge against him." We have con-
sidered the case of State v. Rector, 126 Mo. 328, and
do not consider it in point.

Defendant also contends that the words in the in-
formation "of mortal wound aforesaid died," should
read "of the mortal wound aforesaid then and there
died." The evidence considered, the latter state-
ment would not have been true, for the information and
evidence show that the deceased died of his mortal
wound on the 11th day of March, 1921, two days after
the assault. The probable office of the allegation of
the date of the death is to show that the deceased died
within a year and a day from the date of the wounding.
This point is ruled against defendant as the allegation
in the information is sufficient to show that the defend-
ant died within that time.

II. We cannot consider the purported bill of ex-
ceptions, because, by a reference to the above statement

of facts and the record herein, it may be ascertained that the motions for a new trial and in arrest of judgment, while filed on the same day that judgment was entered and sentence pronounced, were not filed until afterwards, and therefore, in contemplation of law, were not filed. The record shows that on September 16, 1921, the court informed defendant that he had been found guilty of murder in the first degree by a jury, and punishment assessed at imprisonment in the State Penitentiary for the term of his natural life; and being asked by the court if he had any legal cause to show why judgment should not be pronounced against him according to law, and still failing to show cause, the court entered the judgment and sentenced him. Afterwards the motions for a new trial and in arrest of judgment were filed. Section 4079, Revised Statutes 1919, is as follows:

*Motion for New Trial: After Judgment.*

"Sec. 4079. The motion for a new trial shall be in writing, and must set forth the grounds or causes therefor, and be filed before judgment," etc.

The statute has been construed in some few cases. [State v. Pritchett, 219 Mo. 696, 119 S. W. 386; State v. Fraser, 220 Mo. 34, 119 S. W. 389; State v. Currier, 225 Mo. 642, 125 S. W. 461; State v. Dunnegan, 258 Mo. 373, 167 S. W. 497; State v. Riley, 228 Mo. 431, 128 S. W. 731; State v. Sparks, 263 Mo. 609, 173 S. W. 1057; State v. Nistendirk, 204 S. W. 1111; State v. Briscoe, 237 Mo. 154; State v. Thomas, 232 Mo. 216.]

In State v. Sparks, at page 614, the court said:

"When the record, as in this case, shows that the sentence was pronounced and judgment entered before the motion for a new trial was filed it will be presumed, in the absence of a contrary showing, that the trial court was informed by the defendant that he did not desire to be heard on a motion for a new trial.

"If defendant had moved the trial court to grant him time to file a motion for a new trial before entering judgment, and that request had been denied, then such

State v. Baird.

ruling denying time to file a motion for a new trial as well as the evidence introduced upon such motion, would become a proper matter of exception. [State v. Carson, 231 Mo. 1.]

"It may sometimes occur that clerks will write up judgments against defendants before any judgment has been actually pronounced by the court; in all such cases it becomes the duty of defendant to move the court to vacate or expunge from its records such premature or unauthorized judgment before filing his motion for a new trial. Otherwise, the judgment must stand as an absolute bar to the consideration of errors found only in the bill of exceptions."

In State v. Pritchett, 219 Mo. 696, 1. c. 704 et seq. the defendant was convicted of murder in the second degree, and the court asked him if he had any legal cause to show why judgment should not be pronounced against him, according to law, and the defendant failing to show such cause, judgment and sentence were passed upon him in accordance with the verdict of the jury. Thereafter and upon the same day, the defendant filed his motion to set aside the verdict and for a new trial, which was overruled by the court and exception duly saved. Held, that under our statute, the motions should be filed before judgment.

In view of the above statute and the authorities, the motions were not, in contemplation of law, filed.

III. The applications for a change of venue and for a continuance are matters of exception and, in order for an appellate court to review them, must be incorporated in the bill of exception. [State v. Baugh, 217 S. W. 277, 1. c. 280 and cases cited; State v. Ware, 69 Mo. 332.]

*Bill of Exceptions,*

It was stated by RAILEY, C., in State ex rel. Dolman v. Dickey, 231 S. W. 582, 1. c. 584, referring to cases cited therein, that it has long since become elementary law that, in the absence of a motion for a new trial and in arrest of judgment, nothing but the record proper can be considered by the appellate court.

In that the motion for a new trial and in arrest of judgment were not filed in contemplation of law, we may not review any matter of error found in the purported bill of exception, if such there be.

We therefore affirm the judgment. *Railey* and *Higbee, CC.,* concur.

PER CURIAM:—The foregoing opinion of DAVIS, C., is adopted as the opinion of the court. All of the judges concur.