THE STATE v. AUSTIN GRAHAM, Appellant.

Division Two, December 3, 1923.

1. **APPELLATE JURISDICTION: Constitutional Question: Must be Preserved.** To give the Supreme Court appellate jurisdiction on the ground that defendant's conviction involved a constitutional question, it was not enough that the question was timely raised at the trial; it was also necessary that the question be preserved by a motion for a new trial timely filed and preserved in a bill of exceptions.

2. ———: ———: **Motion for New Trial: Filed After Sentence.** A motion for a new trial in a criminal case must be filed before sentence and judgment, and motions for a new trial and in arrest filed after sentence cannot be considered on appeal, and without a motion for a new trial timely filed no part of the bill of exceptions can be considered on appeal; and if the crime of which the defendant was convicted was a misdemeanor, a constitutional question which does not arise on the record proper cannot be considered on appeal, and the Supreme Court has no jurisdiction.

3. **EXCEPTION TO JUDGMENT.** Error cannot be preserved for review by excepting to the judgment rendered. The judgment is a

State v. Graham.

part of the record proper, and no formal exception thereto is necessary, and it cannot be made a part of the bill of exceptions by such exception and its incorporation therein.

Appeal from Reynolds Circuit Court.—*Hon. E. M. Dearing,* Judge.

TRANSFERRED TO SPRINGFIELD COURT OF APPEALS.

*John H. Keith* for appellant.

(1)    The court erred in holding the search made was not in violation of the Fourth and Fifth Amendments of the Federal Constitution, and Section 11, Article 2, of the Constitution of Missouri.   (2)   There was no substantial and legal evidence to support the verdict of the jury, and where there is no substantial evidence to support the verdict of a jury, this court will reverse the judgment. State v. Paris, 259 Mo. 435; State v. Johnson, 259 Mo. 346; 17 C. J. 367; State v. Ferguson, 221 Mo. 524.    (3)   The admission by the court of the evidence secured by the officer in searching the property and effects of the defendant, was in plain violation of the Fourth and Fifth Amendments of U. S. Constitution, and in violation of our own Bill of Rights.   Holmes v. United States, 275 Fed. 49; Gould v. United States, 41 Sup. Ct. 261; Dukes v. United States, 275 Fed. 142; Amos v. United States, 41 Sup. Ct. 266; State v. Hyde, 248 S. W. 920.

*Jesse W. Barrett,* Attorney-General, and *Allen May,* Special Assistant Attorney-General, for respondent.

(1)    The judgment having been entered on the date of the verdict without objection or exception and the motions for new trial and in arrest not having been filed until two days thereafter, there is nothing presented to this court except the record proper.   Sec. 4079, R. S. 1919; State v. Baird, 248 S. W. 596; State v. Keyger, 253 S. W. 363; State v. Dunnegan, 258 Mo. 373; State v. Pritchett, 219 Mo. 696.   (2)   There being no constitutional ques-

tion raised on the record proper and the conviction being of a misdemeanor, this court is without jurisdiction and the appeal should be transferred to the Court of Appeals. State v. McIntyre, 252 S. W. 386; State v. Swift, 270 Mo. 694; Sec. 1, Amend. 1884, Art. VI, Mo. Constitution.

WALKER, J.—The appellant was charged by information in the Circuit Court of Reynolds County with a violation of the law prohibiting the possession and transportation of intoxicating liquors. The charge was in two counts; one alleging unlawful possession, and the other transportation. Upon a trial to a jury the appellant was convicted and fined one hundred dollars. The offenses charged being misdemeanors, to confer jurisdiction upon this court it was necessary that a constitutional question be timely raised and properly preserved in the bill of exceptions. That the plea in this behalf was timely there is no question; the latter essential, however, to a review in this court was not complied with.

On the day succeeding the return into court of the verdict the court rendered judgment against the appellant in accordance therewith. Thereafter, on the same day, a motion for a new trial was filed and upon being overruled a motion in arrest of judgment was filed. Thereupon the appellant filed an affidavit for and was granted an appeal to this court. This course of procedure was in direct violation of the statute (Sec. 4079, R. S. 1919) which provides among other things that the motion for a new trial shall be filed before judgment. [State v. Baird, 248 S. W. (Mo.) 596, and cases at 598; State v. Sparks, 263 Mo. 609; State v. Dunnegan, 258 Mo. 376 and cases; State v. Briscoe, 237 Mo. 154; State v. Thomas, 232 Mo. 216.] This section has uniformly been held to be mandatory (State v. Hascall, 284 Mo. 1. c. 617); and a failure to comply therewith limits our review to the record proper (State v. Keyger, 253 S. W. (Mo.) 1. c. 363 and cases). The condition of the record at bar, so far as concerns the time when the judgment was entered and the motion for a new trial filed, is parallel with that in the Dunnegan Case,

supra (p. 376) in which we held that the action of the trial court in rendering judgment so soon after the return of the verdict did not tend to cure the failure of the appellant to comply with the statute where, as here, no objection was made or exception taken by the appellant to the court's action; and that only the record proper was before us for review. In the Sparks Case, supra, the late Judge BROWN carefully reviewed this statute, holding that when a judgment was rendered and entered on the record before the filing of the motion for a new trial it became the duty of the appellant to move the court to vacate the judgment and expunge it from the record. Otherwise, it would become an absolute bar to the. consideration of errors found only in the bill of exceptions (p. 614).

To attempt to preserve error by excepting to the rendition of the judgment is futile. The judgment is a part of the record proper and no formal exception need be made to its rendition to entitle it to a review by the appellate court. It has no place in the bill of exceptions and cannot be made a part of same by the entry of a formal objection thereto. When made therefore, as at bar, for the apparent purpose of challenging the integrity of the judgment it can lend no aid in preserving for this court's consideration other errors attempted to be preserved in the bill of exceptions.

The record presents no matter properly preserved which can confer jurisdiction upon this court, and it follows that it must be re-transferred to the Springfield Court of Appeals within the territorial jurisdiction of which the trial was had and the judgment rendered. It is so ordered. All concur.