STATE of Missouri, Respondent,

v.

Gertrude GRANT, Appellant.

No. 44441.

Supreme Court of Missouri.

Division No. 1.

Feb. 14, 1955.

John P. Haley, Jr., Rosemary Flemington, Kansas City, for appellant.

John M. Dalton, Atty. Gen., Winston Cook, Asst. Atty. Gen., for respondent.

WESTHUES, Judge.

Gertrude Grant was convicted in the Circuit Court of Jackson County, Missouri, on a charge of burglary in the second degree and sentenced to imprisonment in the State Penitentiary for a term of two years. She appealed.

The State filed a motion to dismiss the appeal stating as reasons therefor that the defendant did not timely file a notice of appeal and failed to file a transcript of the record within proper time. We shall consider the motion for dismissal before going to the merits of the case.

The motion for new trial was overruled on October 15, 1953, and on October 20, defendant was sentenced. On the same day, October 20, defendant filed an application and affidavit for an appeal. On April 14, 1954, defendant asked for additional time to file her transcript. Time was granted to July 17, 1954. The transcript was filed in the circuit court on July 14, 1954. It did not reach the clerk of this Court until July 22, 1954.

■ The application and affidavit for an appeal filed by the defendant contained all the information required to be set forth in a notice of appeal. Weller v. Hayes Truck Lines, 355 Mo. 695, 197 S.W.2d 657, loc. cit. 660(5); Rule 28.03, 42 V.A.M.S.; Section 512.050, V.A.M.S. We rule that it was sufficient notice to the State that an appeal was desired. The filing of the transcript on July 14, 1954, which was three days before the expiration of the time granted by the court, was within the time of six months allowed by Section 547.090, V.A.M.S., and the ninety additional days granted by the trial court. It is evident that the proceedings were in accord with the provisions of Sections 547.070 and 547.090, V.A.M.S.

The trial judge, under Supreme Court Rule 3.26 which superseded the Statute, had no authority to extend the time for filing of the transcript beyond the six months from the day the notice of appeal was filed. However, this Court may, under Rule 1.30 "for good cause shown," grant further time for the filing of the transcript. Rule 28.09, which authorizes a motion to dismiss, provides that "If, after filing a notice of appeal, the appellant fails to take further steps to secure appellate review within the periods of time allowed or as extended by the trial court, the appellate court may dismiss the appeal unless, for good cause shown, it has granted further time for taking such steps."

■ The motion to dismiss was not filed until long after the transcript was filed in this Court. The transcript was filed on July 22, 1954; the motion to dismiss was filed on January 10, 1955. Under the authority of Rule 28.09, supra, we shall treat the transcript as having been filed with permission of this Court. It should be noted that proceedings in criminal cases are now governed by rules of this Court. See State v. Robbins, Mo.Sup., 269 S.W.2d 27. The motion to dismiss is overruled.

Defendant briefed three points as grounds for a reversal of the judgment of conviction. They are that the evidence was insufficient to support the verdict of guilty; that the court erred in giving instruction No. 2 for the reason that it was broader than the information; and that the court failed to declare a mistrial following the trial court's communication with the jury after the jury had retired for deliberation.

The defendant offered no evidence. The State's evidence was substantially as follows: Merle Rawson testified that on the morning of March 26, 1953, at about three o'clock, while he was at work delivering newspapers, he saw the defendant and a man near the door of a grocery store located at 1031 Broadway, Kansas City, Missouri; that he went into a building for a few minutes on business and when he re-

turned to the street, he noticed the glass of the front door of the grocery store was broken. He notified the police. Police officers who responded to the call found the defendant in the store crouched behind the cash register. A number of knives were found by her side and the cash register disclosed that it had been tampered with. A rock was found inside the storeroom near the broken glass from the door. Defendant had blood on one of her hands. A fingerprint technician testified that he found defendant's fingerprint on one of the pieces of glass taken from the floor. Abe Rabinowitz, owner of the store, testified that he knew the defendant; that she lived with Robert General Grant at 1018 Broadway, only a short distance from the store. He stated that 49 cartons of cigarettes of the value of about $90 were missing. He also testified that the door had been locked at closing time the evening before and that he unlocked it when he reached the store after he was called by the police about the broken glass; that the defendant and the police were there. The police had entered the store through the opening caused by the broken glass. The evidence does not show what became of the man who had been seen with the defendant.

■ The above evidence was ample to sustain a conviction of burglary. The fingerprint of defendant on the glass indicated that she had touched the glass; the rock on the floor had evidently been used in breaking the glass. However, even if the defendant did not actually do the breaking, if she aided and abetted anyone else in doing so, she would be equally guilty. Her presence in the store under the circumstances was sufficient to convict her as a participant in the burglary. Defendant says that the State failed to prove that defendant intended to commit a theft and therefore the charge was not proven. The evidence which we have related was sufficient to justify a jury in finding that the store was entered with intent to commit larceny.

The second point briefed, that instruction No. 2 was broader than the information, is based on the theory that the information charged that the defendant "did unlawfully, feloniously and burglariously break into and enter a certain building, * * with felonious intent the said goods, * * then and there unlawfully, feloniously and burglariously to steal, take and carry away, * * *." The portion of the instruction complained of read, "and that said defendant then and there broke into and entered the said storeroom, as aforesaid, with intent *to commit some felony* or feloniously and burglariously to take, steal and carry away any goods, * * *." Defendant says the words which we have italicized had no place in the instruction and therefore it was erroneous because the jury may have found that defendant intended to commit some other crime than theft.

■ If the defendant intended to commit a crime in the storeroom, whether it was theft or some other crime, she would be guilty of burglary. An essential element of burglary is the intent to commit an offense. Breaking into a building with such intent constitutes the basic and principal element of burglary. See 12 C.J.S., Burglary, §§ 1, 2, pp. 664, 666. Our statute, Section 560.070, V.A.M.S., provides that the breaking into a storeroom wherein merchandise is kept "with the intent to steal or commit any crime therein, shall, on conviction, be adjudged guilty of burglary in the second degree."

■ We deem the instruction in this case not prejudicially erroneous. It followed the language of the statute. 12 C.J. S., Burglary, § 66(b), p. 748. In State v. Gentry, 329 Mo. 282, 44 S.W.2d 27, loc. cit. 30, 31(4) (5) (6), this court treated at length the sufficiency of an instruction submitting a charge of burglary to a jury. The court held that instructions on burglary were sufficient if they contained a requirement that the defendant burglariously broke into a building. The court also held that instructions which required a finding that the breaking in was with the specific intent to steal were sufficient. The court made the following comment, 44 S.W.2d loc. cit. 30 (4): "Appellant cites section 4048, Rev.

St. 1929, defining 'burglary' in the second degree as breaking into and entering a building, the entering of which would not be burglary in the first degree, with intent to steal or commit any crime therein. Then if they intended burglariously to break into the building, the word 'burglariously' carries with it the intent to commit some other crime." The instruction in the case before us read in part as follows: "the defendant herein, Gertrude Grant, either alone or knowingly acting in concert with another did then and there feloniously and burglariously break into and enter a certain building," where goods were deposited. That definition, as pointed out in State v. Gentry, supra, was a sufficient definition of burglary. All of the evidence in this case was that defendant was found hiding behind the cash register and that a quantity of cigarettes had been taken. It is clear that a jury could not have been misled by the instruction. The portion objected to by the defendant may be treated as surplusage. In State v. Taylor, 136 Mo. 66, 37 S.W. 907, an instruction similar to the one given in this case was held to be erroneous and the case was remanded for retrial. In that case, there was a sharp issue whether the defendant entered the storeroom with intent to steal as charged in the indictment. In this case, there was no such issue. Defendant offered no explanation as to her presence in the storeroom. We do not see how the instruction could be held to be harmful and we hold it was not.

The last point briefed was based on the following occurrence. After the jury retired for deliberation, they asked to speak to the trial judge. The jurors were taken to the courtroom where the following occurred:

"The Court: The bailiff has informed me that you have a question to ask of the Court. What was the question, Mr. Foreman?

"A Juror: One of the jurors wanted to know whether the forcible entry had to be in with the entering of that storeroom, whether that was part of the— whether breaking that glass has to be a part of the entering act.

"The Court: Gentlemen, I think I have rather fully instructed you. If you will go through these instructions very carefully—

"Another Juror: (interrupting) Your Honor, the question arises as to whether or not taking part of the glass out and throwing it on the floor, whether that would be considered forcibly entering, or not?

"The Court: There is an instruction here about the forcible entry. If you will read Instruction 2 very carefully, particularly the second paragraph, I think that will answer your question.

"A Juror: Those instructions read that defendant is charged with actually breaking the glass in the front door as part of the burglary charge. Instruction No. 2 reads that the defendant broke the glass of the front door at that address.

"The Court: You will just have to follow the instructions the best you can and under the evidence that you have heard. Return to your jury room, Gentlemen."

The record shows that after the jury returned to the jury room defendant's attorney objected to the jury's returning to the courtroom and "asking various questions" about the instructions. The court then asked the attorney, "What relief are you asking, if any?" The attorney answered, "We request that the jury be discharged and that the Court declare a mistrial." The Court then answered, "Overruled."

■ The actions of the court were entirely proper. All the court did was to refer the jurors to the instructions for their answer and the court properly pointed out to the jurors the particular instruction treating the question the jurors had in mind. We do not find anything in the opinions of the cases cited by the defendant, State v. Raftery, 252 Mo. 72, 158 S.W. 585, and Mallison v. The State, 6 Mo. 399, contrary to our ruling. We do find support in the case of State v. Niblack, Mo., 256 S.W. 769, loc. cit. 770(3), where this court ap-

proved the action of the trial court in reading three instructions to the jury after the jury had retired for deliberation and had then asked for further instructions. This court there said, 256 S.W. 770: "It is not only the right of the trial judge, but it is his duty, to make clear to the jury the instructions given for their guidance. An additional reading of the instructions by the judge after the jury had considered the case, as in this case, is a course that has been approved by this court several times. State v. Williams, 69 Mo. 110; State v. Parmenter Mo.Sup., 242 S.W. 897, loc. cit. 899."

Finding no reversible error in the record, we hereby affirm the judgment.

All concur.