**STATE of Missouri, Respondent,**

v.

**Walter NETTLES, Appellant.**

No. 44715.

Supreme Court of Missouri.

Division No. 1.

June 13, 1955.

No attorney noted for appellant and no brief filed.

John M. Dalton, Atty. Gen., Grover C. Huston, Asst. Atty. Gen., for respondent.

WESTHUES, Judge.

On April 28, 1954, defendant Walter Nettles was convicted in the Circuit Court of Washington County, Missouri, on a charge of grand larceny. He was sentenced to two years' imprisonment in the State Penitentiary. An appeal was taken to this court.

Defendant Nettles, E. G. Smith, and Reuben Henry were jointly charged with the theft of one hog weighing about 200 lbs., of the value of $50. Defendant Nettles was tried separately. The main facts were not disputed. The three named defendants went hunting on March 3, 1954. In the afternoon, they returned to their

car without any game. The defendant herein testified that Henry stated, "I will show you boys how to get some meat"; that they stopped by a hog pen and Henry shot a hog. Smith borrowed defendant's (Nettles') knife and stuck the hog. The hog was taken in Henry's car to Potosi where defendant left his companions and went home in his own car. Nettles admitted that the same evening he went to the home of Henry and a ham of the hog was placed in his car and he took it home. Nettles stated that he did not take any part in the theft; that Henry placed a ham in his car when he was at Henry's home that evening to get his gun and knife which he had left in Henry's car; that he did not ask Henry for any part of the hog. The owner of the hog offered a reward of $25 for information as to the disappearance of the stolen hog. It was admitted by the defendant Nettles that the three named as defendants made up the money and paid the owner $76.35 which included $50 for the value of the hog, $25 for the reward which the owner had paid to someone, and $1.35 for the advertisement in a paper. The evidence was ample to sustain a verdict of guilty.

The State filed a motion to dismiss the appeal. Two grounds for dismissal were stated: "(1) Appellant did not give notice that he was appealing from the judgment herein; (2) The appellant's transcript on appeal was not filed within the time required by statute and court rule."

The record shows that the defendant's motion for new trial was overruled on May 26, 1954. On the same day, defendant was sentenced to serve two years in the State Penitentiary. On the same day, defendant filed an affidavit which reads: "Walter Nettles, being duly sworn, upon his oath says that the appeal herein prayed for is not taken for vexation or delay but the cause. Affiant verily believes that he is injured and aggrieved by the judgment and decision of the Court and prays an appeal to the Supreme Court of Missouri.

"S/ Walter Nettles"

Also, on the same day, the defendant filed the following notice of appeal: "Notice is hereby given that Walter Nettles above-named, hereby appeals to the Supreme Court of Missouri from the Circuit Court entered in this action on the 26th day of May, 1954. Dated May 26th, 1954."

It is the State's position that the notice of appeal does not mention the judgment from which the appeal was taken. It is evident that the word "judgment" was omitted from the notice. It is also evident that the affidavit was incorrectly worded. However, the affidavit for appeal does specify that an appeal was requested from the judgment.

■ Under the authority of State v. Grant, Mo., 275 S.W.2d 332, loc. cit. 333(1), the first point made by the State must be denied. The notice of appeal was filed on May 26, 1954; the transcript of the record was filed in this court on November 26, 1954. The State did not file its motion to dismiss until April 20, 1955. A similar question was before this court in the State v. Grant, supra, 275 S.W.2d loc. cit. 333(2, 3). We there said, "Under the authority of Rule 28.09, supra, we shall treat the transcript as having been filed with permission of this Court." We shall so treat the filing of the transcript in this case. The motion to dismiss is overruled.

The defendant did not file a brief in this court. The only point preserved for review in the motion for new trial pertained to a matter which occurred after the case had been submitted to the jury. The record as to this is as follows:

"Thereupon, after argument to the jury, the jury retired to its room to consider its verdict. After the jury had retired to deliberate, and had deliberated for a period of more than three hours, the court caused the entire jury to be called into the courtroom and to stand in a line in front of the Judge's bench, and at that time said to the jury collectively, 'Without telling me how you stand, can you tell me in numbers how you stand?' Thereupon, the jury foreman, Bert Brinley, replied, 'We stand nine to three. We were eight to four, and we are now nine to three.' The court then said, 'You ought to be able to reach a decision in this case.' Thereup-

on, the foreman, Bert Brinley, said, 'The trouble with all of us, Judge, is that we feel the penalty is too severe.' Thereupon, jury-woman Scott nodded her head in agreement. Thereupon, juror Frank Douglas said, 'Isn't it right, Judge, that if we reach a verdict of guilty or not guilty, and it should be guilty, that you can fix the punishment if we cannot agree?' Thereupon, the court answered, 'Yes, I can do that.' Thereupon, the court turned to the sheriff and said, 'You can take them back in.' "

After the above occurrence, the jury found the defendant guilty but left the fixing of the punishment to the trial judge. It will be noted that defendant made no objection to the procedure and therefore is in no position to complain.

No prejudicial error appearing in the record, the judgment of conviction is affirmed.

All concur.